NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

SOLID WASTE SERVICES, INC., doing business as J.P. Mascaro & Sons, Inc., Respondent.

No. 490, Docket 94–4056.

United States Court of Appeals, Second Circuit.

Argued Oct. 13, 1994.

Decided Oct. 20, 1994.

Joseph Oertel, Washington, DC (Frederick L. Feinstein, Gen. Counsel, N.L.R.B., Linda Sher, Acting Associate Gen. Counsel, Aileen A. Armstrong, Deputy Associate Gen. Counsel, Peter Winkler, Supervisory Atty., Richard A. Cohen, Attorney, on the brief), for petitioner.

Mark S. Shiffman, Pittsburgh, PA (Jackson, Lewis, Schnitzler & Krupman, Pittsburgh, PA, on the brief), for respondent.

Before OAKES, KEARSE and PRATT, Circuit Judges.

PER CURIAM:

Petitioner National Labor Relations Board (the "Board") seeks enforcement of its order issued on November 24, 1993, requiring respondent Solid Waste Services, Inc. ("Solid"), principally to bargain with International Union of Operating Engineers, Local Union No. 832 (the "Union"), on the ground that Solid is a successor employer to Laidlaw Waste Systems ("Laidlaw"). Until January 1, 1992, Monroe County, New York ("County"), had a solid-waste-hauling contract with Laidlaw; Laidlaw was party to a collective bargaining agreement with the Union until December 31, 1991. As of January 1, 1992, Solid became the County's solid waste hauler and hired 13 of Laidlaw's employees. The Board found that Solid, which had a total of 19 employees, was a successor employee to Laidlaw and thus was required to bargain with the Union.

Solid opposes enforcement of the Board's order, arguing that the Board erred in finding that Solid was not a joint employer with Silvarole Trucking Company ("Silvarole"); the inclusion of the Silvarole employees as employees of Solid would have expanded the bargaining unit to such an extent that the 13 Laidlaw employees hired by Solid would not constitute a majority of that unit. For the reasons below, we grant enforcement of the Board's order.

■ A joint employer relationship may be found to exist where there is sufficient evidence that the respondent had immediate control over the other company's employees. *See generally Clinton's Ditch Cooperative Co. v. NLRB*, 778 F.2d 132, 138 (2d Cir.1985), *cert. denied*, 479 U.S. 814, 107 S.Ct. 67, 93 L.Ed.2d 25 (1986). Relevant factors include commonality of hiring, firing, discipline, pay, insurance, records, and supervision. *See id.* at 138–39. The Board's determination as to whether two entities are joint employers is "essentially a factual issue," *Boire v. Greyhound Corp.*, 376 U.S. 473, 481, 84 S.Ct. 894, 898–99, 11 L.Ed.2d 849 (1964), and that determination cannot be disturbed if it is supported by substantial evidence in the record as a whole, *see, e.g., International House v. NLRB*, 676 F.2d 906, 912 (2d Cir.1982); 29 U.S.C. § 160(e). "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216–17, 83 L.Ed. 126 (1938). Where the Board's special expertise is implicated, its findings are entitled to "a high degree of deference." *Local 32B–32J Service Employees International Union v. NLRB*, 982 F.2d 845, 851 (2d Cir.) (internal quotes omitted), *cert. denied*, — U.S. —, 113 S.Ct. 2995, 125 L.Ed.2d 689 (1993).

■ In the present case, the Board, adopting the findings of the administrative law judge ("ALJ") ruled that Solid and Silvarole were not joint employers because "[t]he record plainly shows that Respondent exercised no meaningful control over Silvarole employees' labor relations matters." (Board Decision & Order dated November 24, 1993 ("Decision"), at 9.) The evidence amply supports this finding. The record included evidence

that Solid and Silvarole kept separate time, personnel, and payroll records for their employees; that Solid paid its drivers an hourly rate for a 40-hour work week, while Silvarole paid its drivers by the load; that Silvarole employees and Solid employees were covered by different insurance; that Solid employees received retirement and sick pay, while Silvarole employees did not; that Silvarole drivers received assignments from Silvarole's own operations manager and that Silvarole determined the number and identity of the drivers needed for Solid assignments; that only 25% of Silvarole's work was for Solid, and no Silvarole employees worked exclusively on Solid jobs; and that the contract between Solid and Silvarole stated that Silvarole was an independent contractor and gave Solid no authority over any aspect of Silvarole's operation.

The ALJ noted that the record contained evidence of examples of the two companies working together but inferred that these were "nothing more than natural cooperation between a contractor and its subcontractor." (Decision at 6.) The Board was entitled to find that these examples, along with testimony by the respective proprietors of Solid and Silvarole that they considered themselves to be joint owners, were outweighed by the other evidence of separately run operations. Solid concedes that the ALJ was aware of the proprietors' testimony; the Board was not required to mention that testimony explicitly in its decision.

We have considered all of Solid's arguments in opposition to enforcement and find them to be without merit. The order of the Board is enforced in all respects.