Lynn HOSLER, Plaintiff,

v.

Harold Alan GREENE, Individually; Champlain Valley Optical Enter–Prises, Inc.; Harold Alan Greene, d/b/a Malone Eye Associates; and Malone Eye Associates, Defendants.

No. 96–CV–1434.

United States District Court, N.D. New York.

May 21, 1998.

Office of John A. Piasecki, Malone, NY, for plaintiff; John A. Piasecki, of counsel.

Dreyer Boyajian, LLP, Albany, NY, for defendants; Daniel J. Stewart, of counsel.

### MEMORANDUM–DECISION AND ORDER

McAVOY, Chief Judge.

Plaintiff Lynn Hosler alleges disability and pregnancy-based discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e(k), and New York Human Rights Law, Executive Law § 290 *et seq.* ("HRL"). Currently before the Court is Defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

### I. BACKGROUND

Lynn Hosler was employed as a receptionist by defendant Malone Eye Associates. Defendant Harold Greene is the sole shareholder and executive officer of defendant Champlain Valley Optical Enterprises, Inc., which operates two eyeglass stores, defendant Malone Eye Associates and the Optical

Center, located in Malone and Plattsburgh, New York.

In the spring of 1995, Hosler and her husband were attempting to conceive a child. Hosler apparently underwent fertility treatment and eventually became pregnant. In July, 1995, Hosler informed Greene that she needed to take unpaid sick leave because of complications related to her pregnancy. Beginning on July 25, 1995, Hosler went on unpaid leave. She gave birth to twins on November 8, 1995. In December, 1995, Hosler's doctor placed her on disability leave stating that Hosler was disabled from working until March 1, 1996, because of complications related to her pregnancy.

According to Greene, he agreed to allow Hosler to take unpaid leave for at least 12–weeks. During her absence, Greene hired two "temporary" replacements for Hosler. The first replacement lasted approximately three weeks. The second replacement, Tammy Fredette, worked at Malone Eye Associates for five months. In January 1996, six months after Hosler went on leave, Fredette notified Greene that she had an offer for permanent employment with another employer. Fredette also told Greene she wanted to continue to work for him, but she needed to know if her job as receptionist would become permanent.

On January 16, 1996, Hosler notified Greene that she would return to work after her disability ended, on March 1, 1996. When she sensed her job was in "jeopardy," however, Hosler told Greene she would see if her doctor could clear her to return to work on February 1, 1996. Although it is unclear from the record when, or if, Hosler actually met with her doctor prior to February 1, she did not receive clearance to return to work prior to March 1, 1996.[1]

On January 21, 1996, Greene notified Hosler that he decided to offer permanent employment to Tammy Fredette. At the time of her termination from employment, January 21, 1996, Hosler remained on disability leave.

On April 2, 1996, Hosler filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). The EEOC dismissed Hosler's complaint on the ground the Champlain Valley Optical Enterprises "employs less than the required [fifteen] employees." (Stewart Aff., Ex. C). Hosler then filed the instant Complaint alleging that she was terminated because of her pregnancy and complications related thereto, in violation of the PDA, ADA and HRL. Defendants dispute these allegations and have moved for summary judgment.

## II. DISCUSSION

### A. Summary Judgment Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a court may grant summary judgment if it appears "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The substantive law will determine what facts are material to the outcome of a case. *See Anderson,* 477 U.S. at 250, 106 S.Ct. 2505.

Initially, the moving party has the burden of informing the court of the basis of its motion. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party satisfies its burden, the burden then shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The Court must then resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The non-moving party, however, must do more than simply show "that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586, 106 S.Ct. 1348. Only when the Court concludes that no rational finder of fact can find in favor of the non-

---

1. Defendants submitted a report from Hosler's physician, which was sent to Plaintiff's insurer, stating that Hosler was disabled and could return to work on March 1, 1996. (Stewart Aff., Ex. I).

Plaintiff, moreover, does not appear to dispute that she actually remained on disability until March 1, 1996.

moving party should summary judgment be granted. *Gallo v. Prudential Residential. Servs., Ltd.,* 22 F.3d 1219, 1223 (2d Cir.1994).

## B. "Employer" under the ADA and PDA

Defendants argue that they are entitled to summary judgment because they are, as a matter of law, not "employers" under Title VII and the Americans with Disabilities Act. Plaintiff responds that because of shared bookkeeping all employees listed on Defendants' payroll are Defendants' employees by virtue of their being on the payroll and that Malone Eye Care, Glens Falls Vision Care ("Vision Care"), and Champlain Valley Optical Enterprises, should be combined with Malone Eye Associates to form a single entity.

Under Title VII and the ADA, an "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b); *see also* 42 U.S.C. § 12111(5)(A). In determining whether a person meets the statutory definition of "employer", the Supreme Court has held that "what is ultimately critical ... is the existence of an employment relationship, not appearance on the payroll; an individual who appears on the payroll but is not an "employee" under traditional principles of agency law ... would not count toward the 15–employee minimum." *Walters v. Metropolitan Educational Enterprises, Inc.,* 519 U.S. 202, 117 S.Ct. 660, 666, 136 L.Ed.2d 644 (1997).

In support of their motion, Defendants provide affidavits from Gary L. Hanley, an optometrist doing business under the name of Malone Eye Care, and William Empsall, Greene's accountant. In summary, Hanley states that two employees listed on Malone Eye Associates' payroll are in fact his sole employees and that he alone can hire and fire them. Empsall states that Hanley's two employees are listed on Defendants' payroll solely for convenience. Empsall also states that Greene has a separate partnership with Dr. William Winters in Glens Falls, New York and that Vision Care is separate and distinct from Defendants' other operations. Empsall attests that four of the employees listed on Defendants' payroll are actually employees of Dr. Winters.

■ Although the "ultimate touchstone under § 2000e(b) is whether an employer has employment relationships with 15 or more individuals," *Walters,* 117 S.Ct. at 666, where it appears that two or more entities are involved in "controlling an individual's employment situation, courts have recognized the concept of multiple 'employers' ... Two or more employers may be considered a single entity with respect to an individual employee." *Fox v. City University of New York,* 1996 WL 384915, at *4 (S.D.N.Y.1996) (citing *Radio & Television Broadcast Technicians v. Broadcast Service of Mobile, Inc.,* 380 U.S. 255, 256, 85 S.Ct. 876, 13 L.Ed.2d 789 (1965)). A joint employer relationship may be found to exist where there is sufficient evidence that the defendant had immediate control over the other company's employees. *N.L.R.B. v. Solid Waste Services, Inc.,* 38 F.3d 93, 94 (2d Cir.1994). "Relevant factors include commonality of hiring, firing, discipline, pay, insurance, records, and supervision." *N.L.R.B.,* 38 F.3d at 94; *see also Lans v. Kiska Construction Corp.,* 1997 WL 313162, at *4 (S.D.N.Y.1997).

Plaintiff argues that there is sufficient evidence of commonality among Malone Eye Associates and Dr. Hanley's Malone Eye Care. She states that both businesses' credit card transactions were handled by Malone Eye Associates, expenses were shared by the two entities, vacation schedules and promotional sales were coordinated, and there is a common ingress and egress to the two businesses as well as a shared lunch room. (Hosler Aff. ¶¶ 3–8). Accepting these factual assertions in the light most favorable to Plaintiff, a reasonable jury could find that a joint employer relationship existed between Malone Eye Associates and Malone Eye Care.

■ Plaintiff's battle, however, is not yet won. Even adding Malone Eye care's two employees to Defendants' employees, there is still a question of whether the 15 employee threshold has been reached. Notably, Plain-

tiff does not contest that four of the employees listed on Defendants' payroll withholding reports are actually employees of Vision Care. Plaintiff provides no facts, moreover, establishing that Champlain Valley Optical Enterprises exercised control over Vision Care's employees.

Turning to the remaining employees listed on Defendants' payroll withholding reports, Plaintiff fails to provide evidence showing that Defendants had fifteen or more employees for each working day *in each of twenty or more calendar weeks* in the current or preceding calendar year. *See* 42 U.S.C. § 2000e(b); 42 U.S.C. § 12111(5)(A). For example, one of the employees listed is Greene's son Kevin, who Greene states worked "part-time in the summer." (Greene Dep. at 23). After a careful review of Champlain Valley Optical Enterprises' payroll withholding reports, upon which Plaintiff exclusively relies, the Court counts, at most, only fourteen employees who arguably worked in each of twenty or more calendar weeks in the current or preceding calendar year. (*See* Stewart Aff., Ex. B).

Under Rule 56, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e). Even after drawing all reasonable inferences in Plaintiff's favor, *see Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348, the Court finds that Plaintiff has not demonstrated that a factual dispute exists as to whether Defendants employed fifteen or more employees. Consequently, Defendants' motion for summary judgment must be granted.

### C. New York Human Rights Law

Turning to Plaintiff's state law claim, it is now settled that although the doctrine of supplemental jurisdiction is one of flexibility and discretion, it is fundamental that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Having determined that Plaintiff's federal claims should be dismissed, this Court chooses to exercise its discretion and dismiss the remaining state law claims pursuant to 28 U.S.C. section 1367(c)(3) ("[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction.").

### III. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED. Plaintiff's federal claims are dismissed with prejudice. Plaintiff's HRL claim is dismissed without prejudice.

**IT IS SO ORDERED.**