**Kimberly ALLEN, Plaintiff,**

v.

**COMPREHENSIVE ANALYTICAL GROUP, INC., Robert J. Boulware, James Sutton, and James Espiritu, Defendants.**

No. 5:94–CV–1380 (FJS/GJD).

United States District Court, N.D. New York.

April 30, 2001.

Office of Douglas Hawkins, Douglas Hawkins, of counsel, Fayetteville, NY, for Plaintiff.

O'Hara & O'Connell, Syracuse, NY, Dennis G. O'Hara, James P. Evans, of counsel, for Defendants.

**MEMORANDUM–DECISION AND ORDER**

SCULLIN, Chief Judge.

## I. INTRODUCTION

Plaintiff commenced this action on October 26, 1994 against her former employer, Comprehensive Analytical Group, Inc. ("CAG"), and various CAG employees alleging that, because of her gender, she was subjected to discriminatory treatment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000 *et seq.*

Presently before the Court is Defendants' motion for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.[1] Plaintiff did not file any papers in opposition to this motion.

## II. BACKGROUND

Plaintiff began working for CAG on a part-time basis in 1991. In 1992, she began full-time employment with the company, which continued until she resigned from her position in April 1994. *See* Transcript of the Deposition of Kimberly Allen Hanson, sworn to Sept. 18, 2000 ("Allen Dep."), at 30. Plaintiff owned twelve of CAG's 200 shares. *See id.* at 23–24. Plaintiff's father, Richard Allen ("R.Allen"), also owned shares of CAG and in 1993–1994, he served as the vice president of the company and was on the board of directors. *See id.* at 24; Transcript of the Deposition of Richard Allen, sworn to Sept. 21, 2000 ("R. Allen Dep."), at 7.[2]

---

1. Defendants also requested an award of costs and fees associated with defending this motion. However, in light of the fact that Defendants did not address this issue in their memorandum of law and have provided no support for their request, the Court will refrain from making such an award at this stage of the proceedings.

2. In March 1994, the board elected a new vice president. *See* R. Allen Dep. at 8. The company eventually purchased R. Allen's CAG shares. *See id.* at 9. Thereafter, R. Allen sued CAG in a dispute over the value of his shares. *See* Affidavit of Robert Boulware, sworn to Dec. 21, 2000 ("Boulware Aff."), at ¶ 21.

Defendant Robert Boulware was the President of CAG and also held shares in the company. *See* Complaint at ¶ 7. Defendant James Sutton was the Director of Field Personnel for CAG, and Defendant James Espiritu was the Assistant Laboratory Director. *See id.*

Plaintiff filed her EEOC complaint on April 26, 1994. *See* Defs' Exh. D. Plaintiff alleges that the discriminatory conduct at issue occurred from 1992 through 1994 and contends that during that period of time Defendants engaged in the following allegedly discriminatory activities: (1) they refused to compensate her for overtime or vacation, *see* Allen Dep. at 25; (2) they docked her pay on holidays, *see id.;* (3) Espiritu grabbed her feet, hair and hands on numerous occasions and followed her, *see id.* at 25, 44, 46; (4) Boulware called her names such as a "snot," a "spoiled brat," and a "little bitch," *see id.* at 25, 86–87; (5) Sutton called her names such as a "little bitch," "snot" and "brat," *see id.* at 26; (6) Jack Ryan, a co-worker, referred to her as "missy," "cookie" and "sweetie," *see id.* at 28–29; (7) Sutton and Boulware did not respond to her complaints about Espiritu, *see id.* at 51–52, 54–56; (8) Boulware told Plaintiff that "women are inferior," *see* Complaint at ¶ 11; (9) they assigned her to perform menial tasks which male employees were not required to perform, *see id.* at ¶ 12:(10) a male employee who performed the same duties as Plaintiff was provided with a larger salary, *see id.* at ¶ 14; and (11) they did not permit Plaintiff to attend a training course because she was a female, *see id.* at ¶ 24.

Defendants eventually moved to dismiss Plaintiff's complaint for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. In an Order dated July 26, 2000, the Court denied Defendants' motion, re-opened discovery for a period of sixty days and provided the parties with sixty days after the close of discovery to file motions. Subsequent to the issuance of that Order, a discovery dispute arose between the parties. A conference was held in Chambers on October 10, 2000; and the Court, once again, ordered that the discovery period be re-opened until October 24, 2000 and further ordered that the parties had sixty days after the discovery period closed to file motions pursuant to Local Rule 7.1(b).

## III. DISCUSSION

### A. Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is warranted if, when viewing the evidence submitted, including the pleadings, depositions, answers to interrogatories and affidavits, in the light most favorable to the non-moving party, the Court determines that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Eastman Kodak Co. v. Image Technical Servs., Inc.,* 504 U.S. 451, 456, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992); *Raskin v. Wyatt Co.,* 125 F.3d 55, 60 (2d Cir.1997); *Commander Oil Corp. v. Advance Food Serv. Equip. .,* 991 F.2d 49, 51 (2d Cir.1993). A genuine issue of fact exists when the evidence is such that a "reasonable jury could return a verdict for the nonmoving party." *Rovtar v. Union Bank of Switz.,* 852 F.Supp. 180, 182 (S.D.N.Y.1994) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986)). Moreover, in determining whether such a fact question exists, the Court must draw all reasonable inferences in favor of the non-moving party. *See Schwapp v. Town of Avon,* 118 F.3d 106, 110 (2d Cir.1997).

Arguably, Defendants' motion for summary judgment may be granted due to Plaintiff's failure to respond to the motion.

Rule 7.1(b)(3) of the Local Rules of the Northern District of New York provides that "[f]ailure to file or serve any papers as required by this Rule *shall* be deemed by the court as consent to the granting or denial of the motion, as the case may be, unless good cause is shown ." However, the Second Circuit has held that "[t]he fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir.1996); *see also Deshaies v. United Tech. Corp.—Carrier Corp.*, No. 96–CV–1486, 1998 WL 59460, *2 (N.D.N.Y. Feb. 11, 1998). Therefore, the Court must review the merits of Plaintiff's claims. Of course, since Plaintiff failed to respond and provide the Court with a statement of material facts as required by Local Rule 7.1(a)(3), the Court will deem admitted the material facts set forth in Defendants' papers. *See* Local Rule 7.1(a)(3).

## B. Defendant CAG's Status as an "Employer"

Defendants contend that the claims against CAG should be dismissed because the company does not qualify as an "employer" within the meaning of 42 U.S.C. § 2000e(b). Section 2000–e(b) provides that "[t]he term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty **or more calendar weeks** in the current or preceding calendar year ..." 42 U.S.C. § 2000e(b) (emphasis added).

---

**3.** As noted above, Plaintiff has not responded to this motion and, therefore, has come forward with no evidence disputing Defendants' claim that CAG does not qualify as an "employer" within the meaning of § 2000e.

**4.** Courts within this circuit have also generally found that individuals may not be sued in

▮ Defendants assert that. CAG did not employ more that fifteen people during the relevant years of 1992–1994. Rather, CAG "never had more than 13 full time employees." *See* Boulware Aff. at ¶ 4. Defendants acknowledge that in addition to these full-time employees, CAG also hired temporary employees in the summer months of 1992 and 1993. *See id.* at ¶ 5. However, these employees did not work more than three to four months out of the year and, therefore, do not count toward the jurisdictional prerequisite of 15 employees.[3] *See id.* at ¶¶ 32, 33; *see also Hosler v. Greene*, 5 F.Supp.2d 99, 102 (N.D.N.Y.1998) (court found that the plaintiff had failed to come forward with facts sufficient to support a finding that there was a genuine issue as to whether the defendant hired fifteen or more employees for twenty or more calendar weeks).

Defendants have provided sufficient evidence to support a finding that CAG does not qualify as an "employer" and, as discussed above, Plaintiff has failed to dispute this claim. Accordingly, the Court grants Defendants' motion for summary judgment on Plaintiff's Title VII claim asserted against CAG.

## C. Individual Liability

▮ It is well established that defendants may not be sued in their individual capacities under Title VII.[4] *See Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 74 (2d Cir.2000) (court noted that it had previously held that "individuals may not be held personally liable under Title VII") (citing *Tomka v. Seiler Corp.*, 66

---

their official capacities under Title VII. *See e.g. Perks v. Town of Huntington*, 96 F.Supp.2d 222, 226 (E.D.N.Y.2000); *O'Gorman v. Holland*, No. 97 CIV. 0842, 2000 WL 134514, *4 (S.D.N.Y. Feb.3, 2000); *Bottge v. Suburban Propane*, 77 F.Supp.2d 310, 313 (N.D.N.Y.1999).

F.3d 1295, 1313 (2d Cir.1995)); *Wrighten v. Glowski,* 232 F.3d 119, 120 (2d Cir.2000) (citation omitted). Thus, as a matter of law, Plaintiff cannot maintain her Title VII claims against Defendants Boulware, Sutton, Espiritu. *See e.g. Wrighten,* 232 F.3d at 120. Accordingly, the Court grants Defendants' motion for summary judgment with respect to the claims asserted against these individuals.[5]

## IV. CONCLUSION

After carefully considering the entire file in this matter, Defendants' submissions and the applicable law and for the reasons stated herein, it is hereby

**ORDERED** that Defendants' motion for summary judgment is **GRANTED;** and it is further

**ORDERED** that the Clerk of the Court enter **JUDGMENT** in favor of Defendants and close this case.

**IT IS SO ORDERED.**

---

**5.** Defendants asserted several other bases to support their motion for summary judgment including the following: (1) the conduct at issue was not included in Plaintiff's EEOC complaint, (2) CAG did not have knowledge of Espiritu's alleged activities, and (3) Plaintiff is estopped from asserting claims for overtime, vacation pay and holiday pay. However, in light of the rulings discussed above, the Court need not address these alternative arguments.