17-3493-cv
<u>Vitti v. Macy's Inc.</u>

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21ˢᵗ day of December, two thousand eighteen.

PRESENT: DENNIS JACOBS,
GUIDO CALABRESI,
    <u>Circuit Judges</u>,
JED S. RAKOFF,*
    <u>District Judge</u>.

- - - - - - - - - - - - - - - - - - -X
**Angela Vitti,**
    **<u>Plaintiff-Appellant</u>,**

_____

* Judge Jed S. Rakoff, United States District Court for the Southern District of New York, sitting by designation.

1

**Macy's Incorporated, DBA Macy's Inc., DBA
Macy's New York, Clinique Laboratories, LLC**
            <u>Defendants-Appellees</u>.


- - - - - - - - - - - - - - - - - - -X


FOR APPELLANT:                         Laurie E. Morrison, Law Offices of Laurie
                                       E. Morrison, New York, NY.


FOR APPELLEES:                         Latieke M. Lyles, Macy's Inc., St. Louis, MO
                                       (David H. Ganz, Schoeman Updike
                                       Kaufman & Gerber LLP, New York, NY,
                                       Christopher M. McFadden, Schoeman
                                       Updike Kaufman & Gerber LLP, Wayne,
                                       NJ, <u>on the brief</u>), for Macy's Inc.

                                       Todd H. Girshon (Tania J. Mistretta, <u>on the
                                       brief</u>), Jackson Lewis P.C., New York, NY,
                                       for Clinique Laboratories, LLC.


    Appeal from a judgment of the United States District Court for the
Southern District of New York (Sullivan, <u>J.</u>).

    **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,
ADJUDGED AND DECREED** that the judgment of the district court be
**AFFIRMED.**

    Plaintiff Angela Vitti appeals from the judgment of the United States
District Court of the Southern District of New York (Sullivan, <u>J.</u>) granting
defendants' motions for summary judgment.   Vitti claims that she suffered
discrimination and retaliation in violation of the Americans with Disabilities Act,
42 U.S.C. § 12101 <u>et seq.</u> ("ADA").   We assume the parties' familiarity with the

underlying facts and procedural history.

Vitti suffers from anxiety, depression, high blood pressure, and agoraphobia. Her conditions affect her breathing, walking, blood pressure, and sleeping. Though serious, her various conditions do not limit her from functioning day to day.

Macy's employed Vitti in the Clinique department of its Herald Square Store from June 24, 2012 until April 4, 2013. Vitti's job application stated that she was available to work all shifts; but, during her pre-employment interviews, she requested that she be allowed to take Wednesdays off to attend weekly therapy sessions. Vitti did not specify the medical condition for which she needed therapy, but her managers were aware that she was receiving medically required psychotherapy.

From June to November 2012, Vitti's schedule did not include any Wednesday shifts. Although she requested the schedule, Vitti never filled out any paperwork seeking an accommodation in connection with her weekly therapy sessions or her alleged disability. During this period, Vitti received a "Record of Associate Contact" for lateness (five days) and absence (one day) unrelated to her Wednesday sessions.

In November, Vitti requested extended medical leave, which was granted by Macy's corporate Leave of Absence office in Florida. While Vitti was on leave, Macy's informed her that if on return to work she would have ongoing medical restrictions, she must have her healthcare provider complete the reasonable accommodation form and return it to human resources at least three weeks prior to the end of the leave. Vitti did not have anyone fill out an accommodation form.

Macy's transitioned to an automated scheduling system that eliminated preference-based scheduling and required employees to apply to human resources to take certain days off for religious or disability accommodation. In the absence of such a requested accommodation, Vitti's supervisor stopped allowing her to take Wednesdays off. Vitti skipped work on the five Wednesdays for which she was scheduled.

3

Vitti continued to show up late or miss work altogether. On March 5, 2013, her repeated offenses resulted in a "First Warning," the second level of discipline for poor attendance. A "Final Warning" followed on March 28. Vitti was terminated for unsatisfactory attendance on April 4, 2013. That termination was error; a Macy's human resources employee made the decision based on an incorrect understanding of the process applicable to union employees.

A grant of summary judgment is reviewed de novo. D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Courts construe any ambiguous fact "in the light most favorable to the nonmoving party." Giordano v. City of New York, 274 F.3d 740, 746 (2d Cir. 2001). "The non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful." D'Amico, 132 F.3d at 149.

On appeal, Vitti argues: (1) wrongful termination, (2) failure to accommodate, (3) retaliation, and (4) hostile work environment. Because only employers can be liable under Vitti's causes of action, a predicate question is whether Clinique employed Vitti.

**1.** Vitti argues that Clinique jointly employed her while she was employed by Macy's. We disagree.

In a joint employer relationship, "an employee, formally employed by one entity, who has been assigned to work in circumstances that justify the conclusion that the employee is at the same time constructively employed by another entity, may impose liability for violations of employment law on the constructive employer, on the theory that this other entity is the employee's joint employer." Arculeo v. On-Site Sales & Marketing, LLC, 425 F.3d 193, 198 (2d Cir. 2005). "A joint employer relationship may be found to exist [if] there is sufficient evidence that the respondent had immediate control over the other

4

company's employees." NLRB v. Solid Waste Servs., Inc., 38 F.3d 93, 94 (2d Cir. 1994) (per curiam). "Relevant factors include commonality of hiring, firing, discipline, pay, insurance, records, and supervision." Id.

Macy's was Vitti's sole employer. Macy's paid Vitti's salary, provided her with a wage statement and insurance, approved her medical leave, and required her to sign its code of conduct. Macy's also assigned Vitti to the Clinique counter, set her work schedule, supervised her, disciplined her, and ultimately fired her.

In contrast, there is no evidence that Clinique had close managerial control of Vitti. While Vitti worked the Clinique counter, received product training from Clinique, and received Clinique's Professional Image Standards manual, the record lends no support to her conclusion that Clinique exerted personnel control. Clinique never paid or insured Vitti, never disciplined her, and has no records associated with her employment.

Accordingly, Clinique did not employ Vitti and is entitled to summary judgment on all Vitti's claims.

**2.** The ADA prohibits employers from discriminating against a qualified individual because of a disability in the terms, conditions, and privileges of employment. 42 U.S.C. § 12112(a). To establish a prima facie case of discrimination under the ADA, an employee must show that (a) their employer is subject to the ADA; (b) they are disabled within the meaning of the ADA or perceived to be so by the employer; (c) they were otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (d) they suffered an adverse employment action because of their disability. Brady v. Wal-Mart Stores, Inc., 531 F.3d 127, 134 (2d Cir. 2008).

The district court concluded that Vitti failed to establish a prima facie case of discrimination. We agree.

Vitti failed to show she was qualified for her position at Macy's. "The term 'qualified,' with respect to an individual with a disability, means that the individual satisfies the requisite skill, experience, education and other job-related

requirements of the employment position such individual holds or desires and, with or without reasonable accommodation, can perform the essential functions of such position." 29 CFR 1630.2(m); see Shannon v. N.Y. City Transit Auth., 332 F.3d 95, 99-100 (2d Cir. 2003). "[R]egularly attending work is an essential function of virtually every job." Vandenbroek v. PSEG Power CT LLC, 356 Fed. App'x 457, 460 (2d Cir. 2009) (internal quotation marks omitted). "In determining which duties are fundamental, [courts] accord 'considerable deference to an employer's judgment.'" Id. (quoting D'Amico, 132 F.3d at 151).

Vitti was unable to perform the essential duty of regularly showing up to work: she breached Macy's attendance policy notwithstanding that Macy's never counted a Wednesday absence against her. See EEOC v. Ford Motor Co., 782 F.3d 753, 761 (6th Cir. 2015) (collecting cases) ("That general rule -- that regularly attending work on-site is essential to most jobs, especially the interactive ones -- aligns with the text of the ADA.").

In addition, Vitti failed to show a causal connection between her alleged disability and adverse employment actions. Vitti argues that discriminatory animus can be inferred from the timing of events -- i.e., because Macy's stopped granting Vitti's requests to have Wednesdays off after she returned from medical leave.

However, Vitti's progressive discipline for lateness began before either her medical leave or her complaint regarding coworker behavior. "Where timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise." Slattery v. Swiss Reinsurance America Corp., 248 F.3d 87, 95 (2d Cir. 2001). Macy's adhered to its three-step disciplinary process treating Vitti as it would any other employee. Moreover, Vitti's absences on the days she attended therapy were never counted against her.

Accordingly, the grant of summary judgment on Vitti's discriminatory discharge claim is affirmed.

**3.** Vitti argues that Macy's should have accommodated her disability by allowing her Wednesdays off. To make a prima facie case of discrimination

6

based on an employer's failure to accommodate, Vitti must show: (1) she is an individual with a disability as defined by the ADA; (2) the employer had notice of her disability; (3) with reasonable accommodation, she could perform the essential functions of the job; and (4) the employer refused to make a reasonable accommodation.  McBride v. BIC Consumer Prods. Mfg. Co., 583 F.3d 92, 97 (2d Cir. 2009).

"[G]enerally, it is the responsibility of the individual with a disability to inform the employer that an accommodation is needed."  See Brady, 531 F.3d at 135 (quoting Graves v. Finch Pruyn & Co., 457 F.3d 181, 184 (2d Cir. 2006)). "An employer who acts or fails to act without knowledge of a disability cannot be said to have discriminated based on that disability. . . . [T]he notice requirement prevents an employee from keeping her disability a secret and suing later for failure to accommodate."  Id. at 135.

Vitti's failure to show that she was qualified to perform the essential functions of the job warrants affirmance on this claim.  In addition, Vitti fails to establish denial of a reasonable accommodation because she never requested one.  Macy's allowed Vitti to take off Wednesdays pursuant to their standard scheduling policy, not an accommodation request.  Macy's informed Vitti of the need to request a disability accommodation while she was on extended leave, but she failed to make any such request.  Macy's therefore lacked notice of any need for an accommodation.

Accordingly, the grant of summary judgment on the failure to accommodate claim is affirmed.

**4.** The ADA bars retaliation against an employee for opposing any act or practice made unlawful by the ADA.  42 U.S.C. § 12203(a).  To establish a prima facie case of retaliation, Vitti must show that: "(1) [s]he engaged in an activity protected by the ADA; (2) the employer was aware of this activity; (3) the employer took adverse employment action against h[er]; and (4) a causal connection exists between the alleged adverse action and the protected activity." Treglia v. Town of Manlius, 313 F.3d 713, 719 (2d Cir. 2002).  Temporal proximity alone is insufficient to defeat a motion for summary judgment.  See El

Sayed v. Hilton Hotels Corp., 627 F.3d 931, 933 (2d Cir. 2010) ("The temporal proximity of events may give rise to an inference of retaliation for the purposes of establishing a prima facie case of retaliation under Title VII, but without more, such temporal proximity is insufficient to satisfy appellant's burden to bring forward some evidence of pretext.").

Vitti argues that she engaged in protected activity when she wrote a three-page complaint describing her perceived mistreatment by a coworker and complained to supervisors several times. She claims that the proximity between this complaint and Macy's cessation of accommodations, disciplinary actions, and firing establish causation and pretext. We disagree.

Vitti's actions were unprotected. Macy's scheduling policy is not statutorily prohibited discrimination, and Vitti's complaint raising a personal grievance with a coworker was insufficient to alert Macy's that Vitti believed she was the subject of discrimination.

In any event, Vitti fails to show a causal connection between her complaints and her termination. Macy's progressive discipline of Vitti began before any of her complaints and continued in accordance with Macy's policy. No issue of fact as to whether Macy's was motivated by retaliatory animus is created by the sequence of events alone. See Slattery, 248 F.3d at 95. And Vitti offers no evidence that the decision makers who warned and fired Vitti knew of her allegedly protected activities.

Accordingly, no reasonable jury could have found in favor of Vitti on her retaliation claim. See Weinstock v. Columbia Univ., 224 F.3d 33, 42 (2d Cir. 2000) ("[P]laintiff must produce not simply some evidence, but sufficient evidence to support a rational finding that the legitimate, non-discriminatory reasons proffered by the defendant were false, and that more likely than not [retaliation] was the real reason for the employment action." (alterations and internal quotation marks omitted)). The grant of summary judgment on Vitti's retaliation claim is affirmed.

**5.** Vitti argues that the district court erred in dismissing her hostile work environment claim. Vitti's complaint did not plead hostile work environment;

she first raised this in opposition to Macy's motion for summary judgment.    A plaintiff may not assert a claim for the first time in opposition to a motion for summary judgment.    See Zann Kwan v. Andalex Group LLC, 737 F.3d 834, 843 (2d Cir. 2013) (holding district court properly dismissed without considering the merits of a claim first raised in opposition to motion for summary judgment). The dismissal of the hostile work environment claim is therefore affirmed.

We have considered Vitti's remaining arguments and find them to be without merit.    For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

9