**Linda HARPER, Plaintiff,**

v.

**NEW YORK CITY HOUSING AUTHORITY, Defendant.**

No. 09–Civ–5303 (SHS).

United States District Court, S.D. New York.

Nov. 6, 2009.

Derek Todd Smith, Akin & Smith, LLC, New York, NY, for Plaintiff.

Samuel Veytsman, New York City Housing Authority, New York, NY, for Defendant.

*ORDER*

SIDNEY H. STEIN, District Judge.

Linda Harper has sued her former employer, the New York City Housing Authority ("NYCHA"), for retaliating against her after she took medical leave pursuant to the Family Medical Leave Act ("FMLA"). 29 U.S.C. § 2601 *et seq.* Plaintiff also claims she was discriminated against based on her physical disability and her age, and that her employer retaliated against her for exercising her rights in violation of New York State and New York City Human Rights laws. NYCHA has now moved to dismiss this action for failure to state a claim pursuant to Fed. R.Civ.P. 12(b)(6). Because Harper has pled "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), defendant's motion is denied.

## I. BACKGROUND

The following facts are taken from the Amended Complaint and are presumed to be true for the purposes of this motion.

Plaintiff began working for NYCHA in October 1979 as a Stenographer Secretary II. (Am. Compl. ¶ 7.) A quarter of a century later, Harper was diagnosed with multiple sclerosis, which is an incurable neurological disorder. (*Id.* ¶ 10.) In November 2006, plaintiff began an approved leave of absence pursuant to the FMLA to care for her multiple sclerosis. (*Id.* ¶ 12.) Plaintiff returned from her FMLA leave in late February 2007. (*Id.* ¶ 13.)

Harper alleges that upon returning to work, her supervisors, Robert Marano and Irene Shapiro, acting on behalf of defendant, retaliated against her for taking that FMLA leave. (*Id.* ¶ 14.) Specifically, plaintiff alleges that her job duties and responsibilities were reduced and that her job location changed; she maintains these actions effectively stripped her of all her responsibilities except for one—"Blackberry Billing"—and that she was moved to a different floor and isolated from all other employees. (*Id.* ¶ 15–16.) Harper alleges that Shapiro did not approve her requests for time off because Shapiro thought Harper should save her vacation and sick leave in order to take off days in the future when she became ill again. (*Id.* ¶ 19–22.)

Plaintiff alleges that after she returned from her medical leave, NYCHA not only gave her different job duties, but also stripped certain privileges from her. For example, she alleges that she was not allowed to leave her isolated work area to take lunch breaks without prior approval from Shapiro, whereas other employees were allowed to take lunches and breaks without prior approval, and when plaintiff was allowed to take a break, she was only given fifteen minutes, while other employees received a full hour. (*Id.* ¶ 26.) In addition, she maintains that she requested certain days off to attend important family functions and that she was denied those vacation days because she had previously taken FMLA leave. (*Id.* ¶ 22–24.)

Plaintiff alleges that on June 18, 2007, her fourteen year old daughter was assaulted at school and taken to the hospital. (*Id.* ¶ 33.) After informing her employer of this, she left work early. (*Id.* ¶ 33.) Plaintiff continued to miss work in order to stay with her daughter, including attending her daughter's graduation ceremony on June 20, 2007. (*Id.* ¶ 34–36.) Harper maintains that she telephoned Shapiro on both June 19 and 20 to inform Shapiro that she would be unable to attend work those days. (*Id.* ¶¶ 34–35.) When Harper re-

turned to work on June 21, she received a memorandum from Shapiro regarding her absences from work that week, and Shapiro allegedly "berated" her for having taken off from work to attend her daughter's graduation. (*Id.* ¶ 36–38.) Plaintiff then concluded that she "could no longer deal with the daily on-going harassment" from Shapiro, and she left work that day and has never returned. (*Id.* ¶ 39.) Plaintiff alleges that this harassment amounted to constructive discharge on account of her disability and her age. (*Id.* ¶ 44.)

The Amended Complaint sets forth five causes of action: (1) employment discrimination in violation of the New York State Human Rights Law, N.Y. Exec. Law §§ 290 *et seq.* ("NYSHRL"); (2) retaliation against plaintiff in violation of the New York State Human Rights Law; (3) employment discrimination in violation of the New York City Human Rights Law, N.Y. City Admin. Code §§ 8–101 *et seq.* ("NYCHRL"); (4) retaliation against plaintiff in violation of the New York City Human Rights Law; and (5) retaliation against plaintiff pursuant to the FMLA.

## II. DISCUSSION

### A. *Motion to Dismiss Standard*

In deciding a motion to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in the plaintiffs favor. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir.2007); *S.E.C. v. Lyon*, 529 F.Supp.2d 444, 449 (S.D.N.Y.2008). Accordingly, to survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570,

127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.") For the pleadings to state a plausible claim to relief, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. The Court's function on a motion to dismiss is not to "weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir.1985).

On a motion to dismiss, a court's "consideration is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *McKenzie v. Gibson*, No., 07 Civ. 6714, 2008 WL 3914837, at *2, 2008 U.S. Dist. LEXIS 64850, at *4–5 (S.D.N.Y. Aug. 25, 2008) (quoting *Allen v. WestPoint–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir.1991)).[1]

### B. *FMLA Retaliation Claim*

To state a claim for retaliation under the FMLA, a plaintiff need only plead facts sufficient to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). The U.S. Court of Appeals for the Second Circuit has determined that "[a]n employment discrimination plaintiff ... must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests,'" *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir.2007)

---

1. Although defendant has submitted additional documents for the Court to consider in deciding this motion, *see* Veytsman Affidavit dated August 19, 2009, there is no need to do so, and the Court has considered only the Amended Complaint.

(quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)); *see also Boykin v. KeyCorp*, 521 F.3d 202, 212–16 (2d Cir.2008), but such a plaintiff is not required to plead sufficient facts to establish a prima facie case, *Boykin*, 521 F.3d at 212 (citing *Swierkiewicz*, 534 U.S. at 508, 122 S.Ct. 992). The U.S. Supreme Court held in *Swierkiewicz* that a plaintiff asserting disparate treatment claims under Title VII and the Age Discrimination in Employment Act need not allege "specific facts establishing a prima facie case of discrimination" under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), to survive a motion to dismiss. *Swierkiewicz*, 534 U.S. at 508, 122 S.Ct. 992. The Supreme Court explained that the *McDonnell Douglas* burden-shifting framework "is an evidentiary standard, not a pleading requirement," *id.* at 510, 122 S.Ct. 992, and that to demand more than Rule 8(a)'s requirement that a complaint contain simply "a short and plain statement of the claim, showing that the pleader is entitled to relief" would unjustifiably impose a heightened pleading requirement on the plaintiff.

It was somewhat unclear in the wake of *Swierkiewicz* whether the *McDonnell Douglas* burden shifting framework applies at the motion to dismiss stage of an FMLA claim. *Compare Ptaszek v. YMCA Ret. Fund*, No. 02 Civ. 9835, 2004 WL 1900332, at *4–5, 2004 U.S. Dist. LEXIS 16880, at *13–15 (S.D.N.Y. Aug. 23, 2004) (declining to apply *McDonnell Douglas* framework to plaintiffs FMLA claim at the motion to dismiss stage) *with Adler v. S. Orangetown Cent. Sch. Dist.*, No. 05 Civ. 4835, 2008 WL 190585, at *12–15, 2008 U.S. Dist. LEXIS 4971, at *35–41 (S.D.N.Y. Jan. 17, 2008) (analyzing FMLA claim under *McDonnell Douglas* burden shifting test on a motion to dismiss, which requires plaintiff to establish a prima facie case).

■ However, the Second Circuit recently has concluded in a case that was decided after the Supreme Court's decision in *Twombly* that *Swierkiewicz* applies "with equal force to any claim ... that the *McDonnell Douglas* framework covers." *Boykin*, 521 F.3d at 213 (quoting *Williams v. N.Y. City Hous. Auth.*, 458 F.3d 67, 72 (2d Cir.2006) (per curiam)). Since the McDonnell–Douglas burden shifting applies to claims brought under the FMLA, *see Potenza v. City of New York*, 365 F.3d 165, 168 (2d Cir.2004), the *Swierkiewicz* standard applies to FMLA retaliation claims. As a result, plaintiffs bringing FMLA retaliation claims are not required to plead specific facts establishing a prima facie case of discrimination at the motion to dismiss stage; instead, plaintiffs need only plead enough facts that, if true, state a claim to relief that is plausible on its face.

■ It is unnecessary—just as it was in *Boykin*—to test the dividing line between what constitutes a sufficient pleading under *Swierkiewicz* and what constitutes sufficient facts to make the claim plausible under *Iqbal* and *Twombly*. *See Boykin*, 521 F.3d at 213. Here, plaintiff has clearly alleged sufficient facts that, assuming they are true, make her retaliation claim not only possible, but plausible. Specifically, Harper alleges that her job duties and responsibilities were reduced when she returned from FMLA leave, that her job location changed, and that she was stripped of certain privileges that she had before taking FMLA leave—privileges that other employees continued to hold after she returned to work.

■ Defendants argue that in order for a plaintiff to make out a prima facie case of retaliation under the FMLA, a plaintiff must establish that: (1) she exercised rights protected under the FMLA; (2) she was qualified for her position; (3) she suffered an adverse employment ac-

tion; and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent. *See Potenza v. City of New York,* 365 F.3d 165, 168 (2d Cir.2004) (per curiam). However, as set forth above, plaintiff need not establish a prima facie case at the motion to dismiss stage of the litigation. Plaintiff need only show that her claims are plausible under *Iqbal* and *Twombly,* and plaintiffs Amended Complaint meets that burden. Therefore, NYCHA's motion to dismiss plaintiffs FMLA retaliation claim is denied.

### C. *Discrimination Claims Pursuant to the New York State and the New York City Human Rights Laws*

■ The New York State and the New York City Human Rights laws prohibit discrimination against disabled employees on the basis of their disabilities. Employment discrimination claims brought pursuant to NYSHRL and NYCHRL—just as is true of claims brought pursuant to the FMLA—are governed by the *McDonnell Douglas* burden shifting framework. *See Attis v. Solow Realty Dev. Co.,* 522 F.Supp.2d 623, 627 (S.D.N.Y.2007) (citing *Cruz v. Coach Stores, Inc.,* 202 F.3d 560, 565 n. 1 (2d Cir.2000)).

■ NYCHA contends that Harper has failed to state a prima facie case for discrimination under NYSHRL and NYCHRL because she does not adequately allege an adverse employment action. Defendant, however, again overstates Harper's burden at this early stage of the litigation. *Gear v. Dep't of Educ.,* No. 07 Civ. 11102, 2009 WL 484424, at *4, 2009 U.S. Dist. LEXIS 17885, at *10 (S.D.N.Y. Feb. 23, 2009). As previously discussed, the Supreme Court "has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that a plaintiff must satisfy in order to

survive a motion to dismiss." *Swierkiewicz,* 534 U.S. at 511, 122 S.Ct. 992. Consequently, the ordinary rules for assessing the sufficiency of a complaint apply. *Id.* Plaintiff's complaint "need not lay out a prima facie case of discrimination"; rather, plaintiff need only plead enough facts that, if true, state a claim to relief that is plausible on its face. *See Twombly,* 550 U.S. at 570, 127 S.Ct. 1955; *Iqbal,* 129 S.Ct. at 1950.

While the Supreme Court affirmed the vitality of *Swierkiewicz* in *Twombly,* it did not address the continued applicability of *Swierkiewicz* in its *Iqbal* decision. However, nothing in *Iqbal* indicates that the Supreme Court intended that decision to affect the continued applicability of *Swierkiewicz,* and the courts in this district have continued to apply *Swierkiewicz* in employment discrimination claims subsequent to the Supreme Court's decision in *Iqbal. See, e.g., Gillman v. Inner City Broad. Corp.,* No. 08 Civ. 8909, 2009 WL 3003244, *3, 2009 U.S. Dist. LEXIS 85479, *11–12 (S.D.N.Y. Sept. 18, 2009); *Peterec–Tolino v. Commer. Elec. Contrs., Inc.,* No. 08 Civ. 0891, 2009 WL 2591527, 2009 U.S. Dist LEXIS 76952 (S.D.N.Y. Aug. 19, 2009); *Perry v. State Dep't of Labor,* No. 08 Civ. 4610, 2009 WL 2575713, at *2–3, 2009 U.S. Dist. LEXIS 74006, at *6–7 (S.D.N.Y. Aug. 19, 2009); *Jenkins v. New York City Transit Auth.,* No. 08 Civ. 6814, 2009 U.S. Dist. LEXIS 56008, at *7–8 (S.D.N.Y. June 30, 2009).

■ Relying on the Supreme Court's decision in *Cleveland v. Policy Management Systems Corp.,* 526 U.S. 795, 806, 119 S.Ct. 1597, 143 L.Ed.2d 966 (1999), NYCHA also argues that Harper is collaterally estopped from alleging a violation of the New York State and New York City Human Rights laws because she cannot allege that she was qualified to perform the essential functions of her job. However, in *Cleveland,* the Supreme Court found that

statements made by a claimant describing why she is too disabled to work, which were made for the purpose of securing disability benefits, do not necessarily bar the claimant from claiming in a subsequent action that she can perform the essential functions of the job at issue. *See Cleveland*, 526 U.S. at 805–06, 119 S.Ct. 1597 (finding that a plaintiff who applied for Social Security benefits, in which she claimed that she was completely disabled, was not estopped *per se* from alleging in a later lawsuit, pursuant to the Americans with Disabilities Act, that her employer had "terminated" her employment without reasonably "accommodating her disability"). In addition, *Cleveland* focused on the burden plaintiff must meet to survive a motion for summary judgment, rather than a motion to dismiss, which is at issue here.

*Cleveland* merely mandates that a plaintiff offer some explanation for her facially inconsistent positions: "[t]o defeat summary judgment, [the plaintiff's] explanation must be sufficient to warrant a reasonable juror's concluding that, assuming the truth of, or the plaintiff's good faith belief in, the earlier statement, the plaintiff could nonetheless 'perform the essential functions' of the job, with or without 'reasonable accommodation.'" *Id.* at 807, 119 S.Ct. 1597. Although Harper certainly would be required at some point in this litigation to explain how she can be qualified for her job at the same time that she is qualified for disability benefits, plaintiff need not establish that now.

D. *Retaliation Claims Pursuant to the New York State and the New York City Human Rights Laws*

▮ Under both the New York State and New York City Human Rights laws, it is unlawful to retaliate against an employee for opposing discriminatory practices. *See* N.Y. Exec. Law §§ 290 *et seq.;* N.Y. City Admin. Code §§ 8–101 *et seq.* To

state a claim for relief, a plaintiff must allege that "(1) she has engaged in protected activity, (2) her employer was aware that she participated in such activity, (3) she suffered an adverse employment action based upon her activity, and (4) there is a causal connection between the protected activity and the adverse action." *Forrest v. Jewish Guild for the Blind,* 3 N.Y.3d 295, 312–313, 786 N.Y.S.2d 382, 395–96, 819 N.E.2d 998, 1011–12 (2004). NYCHA contends that Harper never opposed any alleged discriminatory practices by her employer while she was employed, and therefore, she cannot support a retaliation claim as a matter of law.

▮ Although the New York State and New York City Human Rights laws do not define what it means to oppose a discriminatory practice by an employer, courts have explained that "retaliation is actionable only when it is done because the employee has, for example, filed a complaint, testified, or assisted in any proceeding, or opposed any practices forbidden 'under this article' (Executive Law § 296[7] ) or 'under this chapter' (Administrative Code of City of N.Y. § 8–107[7] )." *Id.* Because claims brought pursuant to the New York State and New York City Human Rights Laws are analyzed under the same framework as claims brought pursuant to Title VII, *see Salamon v. Our Lady of Victory Hosp.,* 514 F.3d 217, 226 n. 9 (2d Cir.2008) (sex discrimination claims); *see also Schiano v. Quality Payroll Sys.,* 445 F.3d 597, 609 (2d Cir.2006) (retaliation claims are subject to the same standards under federal and New York state law), the Supreme Court's recent analysis in *Crawford v. Metro. Gov't of Nashville & Davidson County,* — U.S. —, 129 S.Ct. 846, 850–51, 172 L.Ed.2d 650 (2009) is relevant to the instant action.

In *Crawford,* the Supreme Court explained: "[t]he term "oppose," being left undefined by the statute, carries its ordi-

nary meaning: to resist or antagonize . . . ; to contend against; to confront; resist; withstand. Although these actions entail varying expenditures of energy, RESIST frequently implies more active striving than OPPOSE." *Crawford,* 129 S.Ct. at 850 (citations omitted) (emphasis in original). "When an employee communicates to his or her employer a belief that the employer has engaged in unlawful discrimination, that conduct 'virtually always' constitutes conduct for which the employee is entitled to protection." *Nyeneime Ibok v. Sec. Indus. Automation Corp.,* No. 05 Civ. 6584, 2009 WL 855926, at *8, 2009 U.S. Dist. LEXIS 32534, at *22–23 (S.D.N.Y. Mar. 26, 2009).

For example, an employee may "oppose" the employer's practice by informally complaining to management or, as *Crawford* recently held, speaking out about discrimination, even if only in response to questions, rather than on the employee's own initiative. *Crawford,* 129 S.Ct. at 851; *see also Weiss v. Hustedt Chevrolet,* No. 05 Civ. 4230, 2009 WL 2132444, at *13, 2009 U.S. Dist LEXIS 59408, at *39–40 (S.D.N.Y. July 13, 2009) ("[P]rotest[ing] or oppos[ing] statutorily prohibited discrimination . . . includes, for example 'informal protests of discriminatory employment practices, including making complaints to management, writing critical letters to customers, protesting against discrimination by industry or society in general, and expressing support of coworkers who have filed formal charges.'") (citations omitted) (quoting *Sumner v. U.S. Postal Serv.,* 899 F.2d 203, 209 (2d Cir.1990)).

■ Based on the definition in *Crawford* of what constitutes an "opposing" action by an employee for the purposes of a retaliation claim, Harper's Amended Complaint cannot be dismissed. Plaintiff set forth in her Amended Complaint that she wrote a letter to NYCHA's Chief Information Officer in which she allegedly wrote that she was "disturbed by her diminished responsibilities following her FMLA leave," and that she had requested a reassignment "more commensurate with her experience and abilities." (Am. Compl. ¶ 29.) That letter plausibly constitutes opposition to unlawful employment practices under the definition of "opposition" set forth in *Crawford.* Therefore, the NYCHA's motion to dismiss the retaliation causes of action is denied.

## III. CONCLUSION

Accordingly, because plaintiff has pled "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). defendant's motion is denied.

SO ORDERED: