**Ruth FOWLER, Plaintiff,**

v.

**SCORES HOLDING COMPANY, INC., Defendant.**

No. 08 civ. 7796(VM).

United States District Court, S.D. New York.

Dec. 28, 2009.

674

**DECISION AND ORDER**

VICTOR MARRERO, District Judge.

 Plaintiff Ruth Fowler ("Fowler") brought this action invoking the Court's diversity jurisdiction pursuant to 28 U.S.C § 1332(a) and alleging that defendant Scores Holding Company, Inc. ("Scores Holding") discriminated against her based on sex, created a hostile work environment for her on account of her sex, and unlawfully demanded part of the gratuities she received for her work. Defendant now moves to dismiss Fowler's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"). Scores Holding asserts that: (1) Fowler has failed to state a claim for discrimination arising out of her employment because she was an independent contractor and not an employee; and (2) even if Fowler was an employee, Scores Holding was not her employer. For the reasons discussed below, Scores Holding's motion to dismiss is DENIED.[1]

## I. BACKGROUND [2]

This case arises out of the employment of Fowler as an exotic dancer at Scores West Side ("Scores West"), a nightclub on the west side of Manhattan.

Matthew J. Blit, Levine & Blit, PLLC, New York, NY, for Plaintiff.

Perry C. Burkett, Perry Burkett Esq., New York City, NY, for Defendant.

1. Scores Holding also moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. However, before a Court grants summary judgment, the non-movant "must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment." *Hellstrom v. U.S. Dep't of Veterans Affairs,* 201 F.3d 94, 97 (2d Cir.2000) (internal quotations omitted). Thus, summary judgment may be premature before an adequate opportunity for discovery. *See Meloff v. New York Life Ins. Co.,* 51 F.3d 372, 375 (2d Cir.1995). In the instant proceedings. Fowler has not had the opportunity to conduct discovery that could uncover evidence to support her allegations. The Court accordingly denies Scores Holding's motion for summary judgment without prejudice, grants leave to renew the motion after relevant discovery has been completed, and treats Scores Holding's motion only as a motion dismiss.

2. The following facts are taken from Fowler's Complaint, dated September 4, 2008 (the "Complaint"), and all documents attached thereto or referenced therein. The Court accepts the facts alleged here as true for the purpose of ruling on a motion to dismiss. *See Spool v. World Child Int'l Adoption Agency,* 520 F.3d 178, 180 (2d Cir.2008). Except where specifically referenced, no further citation to these sources will be made.

Fowler, a resident of the United Kingdom, alleges that supervisors and/or managers at Scores West (1) discriminated against her based on her sex, in violation of the New York State Human Rights Law, N.Y. Executive Law § 290 (the "NYSHRL") and the New York City Human Rights Law, N.Y.C. Administrative Code § 8–107 (the "NYCHRL"); (2) created a hostile work environment for her on account of her sex, in violation of the NYSHRL and the NYCHRL; and (3) made unlawful deductions from her wages in violation of New York Labor Law, Article 6, § 196–d.

Fowler was hired to dance by a Scores West manager following an audition, and worked as a dancer at Scores West from September 2005 until January 2006. Fowler alleges that Scores Holding exercised control over matters relating to the staffing, training, appearance and conduct of the workers, managers and supervisors at Scores West.

Fowler alleges that while she was a dancer at Scores West the supervisors and/or managers subjected her to, among other things, unwelcome touching, grabbing and/or groping of her body, and unwelcome comments about her body. The supervisors and/or managers also deceptively drugged her and forced her to engage in sexual acts with a manager. Scores Holding knew of this behavior, but took no remedial or corrective action.

Fowler also alleges that the supervisors and/or managers at Scores West Side intimidated dancers into acquiescing to their sexually harassing and discriminatory behavior by threatening the dancers with discharge and/or termination of employment.

Lastly, Fowler claims that during a scheduled work-shift, a manager grabbed a steak he had ordered at Scores West and, without provocation, smeared it all over her face. The steak attack resulted in bruises all over Fowler's face and caused her to be absent from the nightclub for approximately one week. When Fowler returned to Scores West, she informed the nightclub's lawyer of the incident but no remedial or corrective action was taken.

## II. *DISCUSSION*

### A. *LEGAL STANDARD*

In assessing a motion to dismiss under Rule 12(b)(6), dismissal of a complaint is appropriate if the plaintiff has failed to offer factual allegations sufficient to render the asserted claim plausible on its face. *See Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). To state a facially plausible claim, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, a court should not dismiss a complaint for failure to state a claim if the factual allegations sufficiently "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. The task of a court in ruling on a motion to dismiss is to "assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *In re Initial Publ. Offering Sec. Litig.,* 383 F.Supp.2d 566, 574 (S.D.N.Y.2005) (internal quotation marks and citation omitted).

For the purposes of deciding a motion to dismiss, the Court accepts the factual allegations in a complaint as true, and draws all reasonable inferences in the plaintiff's favor. *See Iqbal,* 129 S.Ct. at 1950 ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly

give rise to an entitlement to relief."); *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002) (all reasonable inferences shall be drawn in plaintiff's favor). However, allegations that are no more than legal conclusions "are not entitled to the assumption of truth." *Iqbal,* 129 S.Ct. at 1950.

"The *Iqbal* plausibility standard applies in conjunction with employment discrimination pleading standards." *See Gillman v. Inner City Broad. Corp.,* No. 08 Civ. 8909, 2009 WL 3003244, at *3 (S.D.N.Y. Sept. 18, 2009). Employment discrimination claims need not contain specific facts establishing a prima facie case of discrimination. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Rather, an employment discrimination complaint "must include only a short and plain statement of the claim ... [that] give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 512, 122 S.Ct. 992 (internal quotations and citations omitted); *see also Patane v. Clark,* 508 F.3d 106, 113 (2d Cir.2007). In *Twombly,* the Supreme court explicitly affirmed the *Swierkiewicz* pleading standard for employment discrimination claims. *See* 550 U.S. at 547, 127 S.Ct. 1955 ("This analysis does not run counter to *Swierkiewicz* .... Here, the Court is not requiring heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.") (internal quotations and citations omitted); *see also Iqbal,* 129 S.Ct. at 1953 ("Our decision

in *Twombly* expounded upon the pleading standard for all civil actions, and it applies to antitrust and discrimination suits alike.") (internal quotations and citation omitted). Accordingly, while a complaint need not contain specific facts establishing a prima facie case of employment discrimination to overcome a Rule 12(b)(6) motion, the claim must be facially plausible, and must give fair notice to the defendants of the basis for the claim.

### B. *EMPLOYEE OR INDEPENDENT CONTRACTOR*

A threshold issue in this dispute is whether Fowler was an employee or independent contractor. The NYSHRL covers employees, not independent contractors. *See Eisenberg v. Advance Relocation & Storage, Inc.,* 237 F.3d 111, 113 (2d Cir. 2000). Scores Holding contends that Fowler's claims should be dismissed because she was an independent contractor and not an employee.

 Under the NYSHRL, whether a worker is an employee or an independent contractor requires application of the common law of agency. *See Eisenberg,* 237 F.3d at 113. In *Community for Creative Non–Violence v. Reid,* 490 U.S. 730, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989), the Supreme Court articulated thirteen considerations for determining whether a hired party is an employee under the common law of agency.[3] "Though no single factor is dispositive, *see Reid,* 490 U.S. at 752, 109 S.Ct. 2166, the greatest emphasis

---

**3.** In *Reid,* the Supreme Court articulated the following non-exhaustive set of considerations: (1) the hiring party's right to control the manner and means by which the product is accomplished; (2) the skill required; (3) the source of the instrumentalities and tools; (4) the location of the work; (5) the duration of the relationship between the parties; (6) whether the hiring party has the right to assign additional projects to the hired party;

(7) the extent of the hiring party's discretion over when and how long to work; (8) the method of payment; (9) the hired party's role in hiring and paying assistants; (10) whether the work is part of the regular business of the hiring party; (11) whether the hiring party is in business; (12) the provision of employee benefits; and (13) the tax treatment of the hired party. *See* 490 U.S. at 751–52, 109 S.Ct. 2166; *Eisenberg,* 237 F.3d at 114.

should be placed on ... the extent to which the hiring party controls the manner and means by which the worker completes his or her assigned tasks." *Eisenberg,* 237 F.3d at 114 (internal quotations omitted).

■ At the motion to dismiss stage, however, the Court need only assess whether the plaintiff has alleged sufficient facts to support a facially plausible claim for relief under the NYSHRL. Whether Fowler was, as a matter of law, an employee or an independent contractor, cannot be conclusively determined on the face of the Complaint. *See Banks v. Correctional Servs. Corp.,* 475 F.Supp.2d 189, 198 (E.D.N.Y.2007). "It is by now well-settled that a determination that an employer-employee relationship exists may rest upon evidence that the employer exercises either control over the results produced or over the means used to achieve the results." *Scott v. Massachusetts Mut. Life Ins. Co.,* 86 N.Y.2d 429, 633 N.Y.S.2d 754, 756, 657 N.E.2d 769 (1995). Accordingly, such a determination is more appropriately made at the summary judgment stage.

■ In her Complaint, Fowler alleges, among other things, that the supervisors or managers at Scores West selected and hired dancers; exercised control over staffing, training, appearance, and conduct of the nightclub's workers; and scheduled work shifts. (*See* Complaint at 2–3.) Fowler also alleges that Scores Holding exercised control over staffing, training, appearance and conduct of the workers, managers and supervisors at Scores West. In essence, Fowler has alleged that Scores Holding controlled the manner and means by which she performed her job responsibilities. Because the greatest emphasis is to be placed on such control when balancing the *Reid* considerations, *see Eisenberg,* 237 F.3d at 114, the Court finds that it is facially plausible, for the purposes of the

NYSHRL, that Fowler was an employee of Scores West.

■ Scores Holding also contends that Fowler's claims under the NYCHRL should be dismissed because she was not an employee. However, as described above. Fowler has stated a plausible claim that she was an employee of Scores Holding. Further, even if she was not an employee, independent contractors fall under the protection of the NYCHRL if they are "natural persons" who "carry out work in furtherance of an employer's business enterprise." NYCHRL § 8–102(5); *see also Banks,* 475 F.Supp.2d at 198; *O'Neill v. Atlantic Sec. Guards,* 250 A.D.2d 493, 671 N.Y.S.2d 976 (1st Dep't 1998). Fowler has alleged that she was an exotic dancer at Scores West, an adult entertainment nightclub. Taken as true, it is reasonable to infer that Fowler's work was carried out in furtherance of Scores Holding's business enterprise. Accordingly, the Court finds that Fowler has alleged sufficient facts to support her claim that she was under the protections of the NYCHRL while working at Scores West.

### C. *FOWLER'S EMPLOYER*

Scores Holding also contends that Fowler's claims should be dismissed because Scores Holding was not Fowler's employer for the purposes of the employment discrimination statutes or labor laws. Despite working at Scores West, Fowler has brought this suit against Scores Holding and alleges that Scores Holding and Scores West were joint employers. Fowler alleges that Scores Holding had "centralized control of labor relations, whereby its licensees, including Scores West Side, followed uniform policies, standards, and common management." (Complaint at 2.)

■ Under New York law, there are two well-established doctrines—the single and joint employer doctrines—that allow

an employee to assert employer liability against an entity that is not formally his or her employer. *See Arculeo v. On–Site Sales & Mktg., LLC,* 425 F.3d 193, 197–98 (2d Cir.2005). The single employer doctrine provides that, "in appropriate circumstances, an employee, who is technically employed on the books of one entity, which is deemed to be part of a larger single-employer entity, may impose liability for certain violations of employment law not only on the nominal employer but also on another entity comprising part of the single integrated employer." *Id.* at 198 (internal quotations omitted).

 The joint employer doctrine applies where there is no single integrated enterprise, but where two employers "handle certain aspects of their employer-employee relationship jointly." *Id.* An employee formally employed by one entity can be found to be constructively employed by another entity, and thus may impose liability for violations of employment law on the constructive employer. *See id.* "A joint employer relationship may be found to exist where there is sufficient evidence that the respondent had immediate control over the other company's employees." *NLRB v. Solid Waste Servs., Inc.,* 38 F.3d 93, 94 (2d Cir.1994).

 To determine whether two separate entities should be considered a single employer for the purposes of employment discrimination claims, courts have relied on four considerations: (1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control. *See Cook v. Arrowsmith Shelburne, Inc.,* 69 F.3d 1235, 1240 (2d Cir.1995); *Dias v. Community Action Project, Inc.,* No. 07 Civ. 5163, 2009 WL 595601, at *2 (E.D.N.Y. Mar. 6, 2009). "Although no one factor is determinative . . . control of labor relations is the central

concern." *Murray v. Miner,* 74 F.3d 402, 404 (2d Cir.1996) (internal citations omitted).

Scores Holding argues that, despite some connections between Scores Holding and the nightclub, the connections did not amount to a joint employer relationship. Further, Scores Holding contends that only the nightclub, Scores West, was a signatory to the employment contract with Fowler.

 Nevertheless, the Court finds that Fowler has satisfied her pleading burden as to this issue. Fowler's allegations are sufficient to put Scores Holding on notice of the theory of employer liability upon which her claims are based. Further, the determination of whether Scores Holding was Fowler's employer is a question of fact that cannot be decided on a motion to dismiss. *See Lihli Fashions Corp. v. NLRB,* 80 F.3d 743, 747 (2d Cir.1996); *Clinton's Ditch Co-op Co., Inc. v. NLRB,* 778 F.2d 132, 136 (2d Cir.1985); *Dias,* 2009 WL 595601, at *6; *Niland v. Buffalo Laborers Welfare Fund,* No. 04 Civ. 0187F, 2007 WL 3047099, at *6 (W.D.N.Y. Oct. 18, 2007). Accordingly, Scores Holding's motion to dismiss on this basis is denied.

### D. *SEX DISCRIMINATION CLAIMS*

Having found that Fowler has satisfied her pleading burden as to the two threshold issues raised by Scores Holding, the Court will now consider the sufficiency of each of Fowler's claims in turn.

 Fowler first alleges discrimination based on sex under the NYSHRL and the NYCHRL. New York courts require the same showing for claims brought under the NYSHRL as federal employment discrimination claims brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"). *See Abdu–Brisson v. Delta Air Lines, Inc.,*

239 F.3d 456, 466 (2d Cir.2001); *see also Mete v. New York State Office of Mental Retardation and Developmental Disabilities,* 21 A.D.3d 288, 800 N.Y.S.2d 161, 162 (1st Dep't 2005). By contrast, employment discrimination claims under the NYCHRL are to be reviewed independently from, and more liberally than, their federal and state counterparts. The New York City Restoration Act, which amended the NYCHRL, "notified courts that (a) they had to be aware that some provisions of the [NYCHRL] were textually distinct from its state and federal counterparts, [and] (b) all provisions of the [NYCHRL] required independent construction to accomplish the law's uniquely broad purposes." *Loeffler v. Staten Island Univ. Hosp.,* 582 F.3d 268, 278 (2d Cir.2009) (*citing Williams v. New York City Hous. Auth.,* 61 A.D.3d 62, 872 N.Y.S.2d 27, 31 (1st Dep't 2009)) (emphasis omitted); *see also Panzarino v. Deloitte & Touche, LLP,* No. 05 Civ. 8502, 2009 WL 3539685, at *9–*10 (S.D.N.Y. Oct. 29, 2009) (construing plaintiff's NYCHRL claim as requiring an independent and liberal construction for purposes of sex discrimination claim). Nevertheless, gender discrimination claims brought pursuant to the NYCHRL are also analyzed under the Title VII framework. *See Leibowitz v. Cornell Univ.,* 584 F.3d 487, 498 n. 1 (2d Cir.2009).

■ To state a prima facie case for employment discrimination under the NYSHRL and NYCHRL, a plaintiff must show that: (1) she was a member of a protected class; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Collins v. New York City Transit Auth.,* 305 F.3d 113, 118 (2d Cir.2002); *Forrest v. Jewish*

*Guild for the Blind,* 3 N.Y.3d 295, 786 N.Y.S.2d 382, 390, 819 N.E.2d 998 (2004); *Ferrante v. American Lung Ass'n,* 90 N.Y.2d 623, 665 N.Y.S.2d 25, 29, 687 N.E.2d 1308 (1997). However, to survive a motion to dismiss, an employment discrimination claim need only satisfy the basic requirements of Rule 8 of the Federal Rules of Civil Procedure for a "short and plain statement of the claim." Fed. R.Civ.P. 8(a); *see also Swierkiewicz,* 534 U.S. at 512–13, 122 S.Ct. 992; *Braphman–Bines v. New York City Police Dep't,* No. 03 Civ 10207, 2005 WL 22843, at *3 (S.D.N.Y. Jan. 3, 2005) ("Under *Swierkiewicz,* Rule 8 pleading is extremely permissive."). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz,* 534 U.S. at 512, 122 S.Ct. 992. Nevertheless, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* "A plaintiff must allege, as the Supreme Court has held, those facts necessary to a finding of liability ... [and] a plaintiff's allegations, accepted as true, must be sufficient to establish liability." *Amron v. Morgan Stanley Inv. Advisors, Inc.,* 464 F.3d 338, 343–44 (2d Cir.2006) (emphasis omitted).

■ In her Complaint, Fowler alleges that Scores Holding discriminated against her based on her sex, in violation of the NYSHRL and NYCHRL. As described above, Fowler alleges a series of harassing and discriminatory acts directed at her, and also generally alleges that dancers were coerced into sexual acts with managers or supervisors in order to retain their job and job responsibilities. These allegations make it plausible that Fowler experienced a materially adverse change in the conditions of her employment because of

her sex. "A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices ... unique to a particular situation." *Galabya v. New York City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir.2000).

The Court notes that Fowler has to-date not pled that she suffered an adverse employment action, as required under both the NYSHRL and the NYCHRL. At most, Fowler has pled that she was coerced into sexual acts for fear of a materially adverse change in the conditions of her employment. Further, Fowler has not yet connected any change in the conditions of her employment to discrimination based on her sex. Nevertheless, the Court finds that, given the permissive pleading requirements for employment discrimination claims, Fowler has satisfied her burden at this stage. *See Harper v. New York City Hous. Auth.*, No. 09 Civ. 5303, 673 F.Supp.2d 174, 180–81, 2009 WL 3861937, at *4 (S.D.N.Y. Nov. 6, 2009) (denying motion to dismiss employment discrimination claim for failure to adequately allege adverse employment action); *Kear v. Katonah Lewisboro Central School*, No. 05 Civ. 7038, 2007 WL 431883, at *6 (S.D.N.Y. Feb. 7, 2007) (same). Fowler's allegations are sufficient to render it plausible that she suffered employment discrimination based on her sex.

### E. *HOSTILE WORK ENVIRONMENT CLAIMS*

 Fowler also alleges that Scores Holding subjected her to a hostile work environment, in violation of the NYSHRL and NYCHRL. Hostile work environment claims under New York law are also analyzed based on the standards developed in the Title VII context. *See Reed v. A.W. Lawrence & Co., Inc.*, 95 F.3d 1170, 1177 (2d Cir.1996); *Zakrzewska v. New School*, 598 F.Supp.2d 426, 431 (S.D.N.Y.2009). To prove a hostile work environment, the plaintiff must demonstrate: "(1) that [her] workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of [her] work environment, and (2) that a specific basis exists for imputing the conduct that created the hostile work environment to the employer." *Fraser v. Fiduciary Trust Co. Intern.*, No. 04 Civ. 6958, 2009 WL 2601389, at *8 (S.D.N.Y. Aug. 25, 2009) (*citing Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir.1997)). The evaluation of a hostile work environment claim includes consideration of "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993).

 The Court is persuaded that Fowler has alleged sufficient facts to support her claim that Scores Holding is liable for creating a hostile work environment. Fowler has alleged that supervisors and managers at Scores West touched her, grabbed and groped her body, made unwelcome comments about her body, forcibly kissed her, and made her engage in sexual acts with a manager. Fowler has also alleged that a manager smeared a steak all over her face. Taking Fowler's allegations as true, the Court finds that a reasonable person could conclude that the working conditions at Scores West were objectively hostile and abusive. Fowler has alleged sufficiently severe and persistent incidents directed at her allegedly because of her sex to state a facially plau-

sible hostile work environment claim. Accordingly, the Court finds that Fowler has satisfied her pleading burden as to her hostile work environment claims.

### F. *UNLAWFUL WAGE DEDUCTIONS*

Fowler lastly alleges unlawful wage deductions under New York law. New York Labor Law § 193(1)(a) provides that, "[n]o employer shall make any deduction from the wages of an employee, except deductions which: (a) are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency...." N.Y. Lab. Law § 193(1)(a). Further, § 196–d of the New York Labor Law provides that an employer may not demand or accept, directly or indirectly, any part of the gratuities received by an employee and may not "retain any part of a gratuity or of any charge purported to be a gratuity for an employee." *See Krebs v. Canyon Club, Inc.*, 22 Misc.3d 1125(A), 880 N.Y.S.2d 873, 2009 WL 440903, at *2 (N.Y.Sup.Ct.2009) (unpublished table decision) (*citing* N.Y. Labor Law § 196–d).

■ Fowler alleges that Scores Holding unlawfully demanded or accepted, directly or indirectly, part of the gratuities she received during the course of her employment at Scores West. (*See* Complaint at 6.) Fowler alleges that Scores West supervisors and/or managers took out a percentage of the dancers' gratuities for themselves and that she was required to share part of her gratuities with employees other than waiters, servers, busboys, or similar employees at Scores West. Further, Fowler alleges that Scores Holding exercised control over the payment methods of Scores West patrons, and the distribution of gratuities to workers at Scores West. On the basis of these allegations, the Court finds that Fowler has made a facially plausible claim for relief under New York law.

### III. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the motion (Docket No. 10) of defendant Scores Holding Company, Inc. to dismiss the complaint, or in the alternative for summary judgment, is DENIED; and it is further

**ORDERED** that the parties are directed to appear at a pretrial conference on January 29, 2010, at 3:45 p.m. and, in preparation for that conference, to confer and propose an agreed upon Case Management Plan in the form provided by the Court.

**SO ORDERED.**