Khaliq DREW, Plaintiff,

v.

**PLAZA CONSTRUCTION CORP. et al., Defendants.**

No. 09 Civ. 2129 (VM).

United States District Court, S.D. New York.

Jan. 28, 2010.

William David Frumkin, Sapir & Frumkin LLP, White Plains, NY, for Plaintiff.

Allan S. Bloom, Paul, Hastings, Janofsky & Walker LLP, New York, NY, for Defendants.

**DECISION AND ORDER**

VICTOR MARRERO, District Judge.

Plaintiff Khaliq Drew ("Drew") brought this action against Plaza Construction Corporation ("Plaza"), Fisher Brothers Management Company LLC ("Fisher Brothers"),[1] Charles Smith ("Smith"), and Danielle Vaykovich ("D. Vaykovich") (collectively "Defendants"), claiming violation of the Family and Medical Leave Act, 29 U.S.C. § 2615 ("FMLA"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII"); New York State Human Rights Law, N.Y. Exec. Law § 296 ("NYSHRL"); and New York City Human Rights Law, N.Y.C. Admin. Code § 8–107(1)(a) ("NYCHRL"). Drew alleges that Defendants (1) interfered with his rights under the FMLA; (2) retaliated against him for taking leave under the FMLA; (3) subjected him to a hostile work environment based on race in violation of Title VII, NYSHRL, and NYCHRL; and (4) discharged him on the basis of race in violation of Title VII, NYSHRL, and NYCHRL. Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") to dismiss the complaint for failure to state a claim. Specifically, Defendants assert that (1) Drew's retaliation claim under the FMLA is duplicative of his interference claim and unsupported by the allegations in Drew's Amended Complaint, dated August 21, 2009 (the "Amended Complaint"); (2) the NYSHRL and NYCHRL claims are barred under the election-of-remedies provisions in those laws; (3) the hostile work environment claims are time-barred to the extent they are based on events that predate the applicable limitations period; (4) Drew fails to state a claim against Plaza and D. Vaykovich for hostile work environment; and (5) Drew fails to state a claim for discriminatory discharge. For the reasons stated below, Defendants' motion is GRANTED in part and DENIED in part.

## I. BACKGROUND [2]

Plaza hired Drew as a system support technician in February 2006. Drew was recommended by Steven Fisher ("Fisher"), Plaza's chairman and chief executive officer, who had previously employed Drew to work on his home network. At Plaza, Drew worked in the Management Information Systems ("MIS") Department, setting up and repairing computers and networks. In addition to Drew, the MIS Department included Shane Vaykovich ("S. Vaykovich"), a network administrator and D. Vaykovich's husband; Craig Talerak ("Talerak"), a programmer; and Smith, Drew's direct supervisor. Drew was the only African–American employee in the MIS Department—the other employees were Caucasian.

### A. ALLEGATIONS OF FMLA INTERFERENCE AND RETALIATION

On March 1, 2007, Drew requested FMLA leave to attend to his father who had been diagnosed with leukemia. Drew approached D. Vaykovich, Plaza's director of human resources, who informed Drew that he would need to speak with his supervisor, Smith. When Drew spoke with Smith about the leave, Smith responded

---

1. By Stipulation and Order dated September 9, 2009, the Court dismissed all claims against Fisher Brothers without prejudice.

2. The factual summary that follows derives from the Amended Complaint and all documents attached thereto or referenced therein.

The Court accepts all well-pleaded facts in the Complaint as true for the purpose of ruling on a motion to dismiss. *See Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 180 (2d Cir.2008). Unless specifically referenced, no further citation to these sources will be made.

that he did not understand why Drew's father needed so much attention. In reference to the requested leave, Smith repeatedly told Drew "you're killing us." (Amended Complaint ¶ 43.) Smith ultimately permitted Drew to take the leave.

On March 5, 2007, Drew left work at 1:30 p.m. to visit his father at the hospital. Upon returning to work the next morning, Drew received an email from Smith. In the email, Smith stated that he expected Drew to stay late to make up for the time that he had spent at the hospital. As Smith requested, Drew worked late that night. The next day, March 7, 2007, Drew received another email from Smith that stated "I had asked you to stay late to make up time from Monday. You didn't. Please make sure to stay late tonight to catch up [sic] the items on your list. I thought this was understood. Please don't make me ask again." (*Id.* ¶ 45.)

Drew asked for FMLA leave again on March 7, 2007. Later that day, D. Vaykovich and Mike Paese ("Paese"), Plaza's chief financial officer, terminated Drew's employment with Plaza, citing insubordination. They did not provide any specific examples of Drew's insubordination. At this final meeting, Paese told Drew that Fisher held him in high regard, and although Drew could no longer work in the MIS Department, Defendants would try to transfer him. Drew was never transferred to another department.

## B. ALLEGATIONS OF HOSTILE WORK ENVIRONMENT AND DISCRIMINATORY DISCHARGE

Drew alleges that throughout his employment, his direct supervisor, Smith, subjected him to discriminatory treatment on the basis of his race. Smith repeatedly told Drew that he had not wanted to hire him. When Drew received a raise, Smith reminded Drew that Fisher, not he, had

been responsible for the pay increase. According to Drew, Smith subjected him to harsh criticism and unreasonable demands, often raising his voice and swearing at Drew. Drew alleges that Smith did not treat the Caucasian employees in this demeaning manner.

In August 2006, Drew complained to human resources staff about the treatment he received from Smith. D. Vaykovich organized a meeting with Drew and Smith. At the meeting, Drew reported a comment that Smith had made to Drew at his job interview with Defendants. Smith had asked Drew if he planned on returning the suit he was wearing to the store after the interview. Drew believed that this comment was meant to imply that he could not afford the suit.

At the same meeting, Smith asked D. Vaykovich if it was appropriate to ask Drew, "Where the [expletive] are you?" (*Id.* ¶ 36.) D. Vaykovich responded that cursing was not a form of harassment. Smith stated, "I'm your boss. I can curse at you." (*Id.*) He also said, "Cursing is not a form of harassment. If you don't like it, you have your options. This is the way I am. You don't have to like it." (*Id.*) Drew expressed his belief that it was harassment when Smith cursed directly at him. Smith asked sarcastically, "Who cares if it's at you?" (*Id.*) Drew responded that it was not appropriate. Smith said "To you it isn't." (*Id.*)

At some point, Paese joined the meeting to tell Drew that he would need to make a decision as to whether he wanted to remain employed by Defendants. Drew was under the impression that Defendants wanted him to quit.

At the end of 2006, Smith met with Talerak and S. Vaykovich to discuss their vacation, personal and sick time. Smith never held such a meeting with Drew. As

stated above, Defendants terminated Drew in March 2007, Defendants hired a Caucasian employee to fill the vacancy.

## II.  *LEGAL STANDARD*

In assessing a motion to dismiss under Rule 12(b)(6), dismissal of a complaint is appropriate if the plaintiff has failed to offer factual allegations sufficient to render the asserted claim plausible on its face. *See Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). To state a facially plausible claim, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, a court should not dismiss a complaint for failure to state a claim if the factual allegations sufficiently "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. The task of a court in ruling on a motion to dismiss is to "assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *In re Initial Publ. Offering Sec. Litig.,* 383 F.Supp.2d 566, 574 (S.D.N.Y.2005) (quotation marks and citation omitted).

For the purposes of deciding a motion to dismiss, the Court accepts the factual allegations in a complaint as true, and draws all reasonable inferences in the plaintiff's favor. *See Iqbal,* 129 S.Ct. at 1950 ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002). However, allegations that are no more than legal conclusions "are not entitled to the assumption of truth." *Iqbal,* 129 S.Ct. at 1950.

"The *Iqbal* plausibility standard applies in conjunction with employment discrimination pleading standards." *See Gillman v. Inner City Broad. Corp.,* No. 08 Civ. 8909, 2009 WL 3003244, at *3 (S.D.N.Y. Sept. 18, 2009). Employment discrimination claims need not contain specific facts establishing a prima facie case of discrimination. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514–15, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Rather, an employment discrimination complaint "must include only a short and plain statement of the claim ... [that] give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 512, 122 S.Ct. 992 (quotation marks and citations omitted); *see also Patane v. Clark,* 508 F.3d 106, 113 (2d Cir.2007) (applying *Swierkiewicz* to NYCHRL and NYSHRL discrimination claims). In *Twombly,* the Supreme Court explicitly affirmed the *Swierkiewicz* pleading standard for employment discrimination claims. *See* 550 U.S. at 547, 127 S.Ct. 1955 ("This analysis does not run counter to *Swierkiewicz* .... Here, the Court is not requiring heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." (quotation marks and citations omitted)); *see also Iqbal,* 129 S.Ct. at 1953 ("Our decision in *Twombly* expounded upon the pleading standard for all civil actions, and it applies to antitrust and discrimination suits alike." (quotation marks and citation omitted)). The *Swierkiewicz* standard applies to all claims "that the *McDonnell Douglas* framework covers," *Boykin v. KeyCorp et al.,* 521 F.3d 202, 212 (2d Cir.2008) (quotation marks omitted), including claims of FMLA retaliation and discriminatory discharge. *See, e.g., Harper v. New York City Housing Auth.,* 673 F.Supp.2d 174, 179 (S.D.N.Y.2009) ("As a result, plaintiffs bringing FMLA retaliation claims are not required to plead specific facts establishing

a prima facie case of discrimination at the motion to dismiss stage . . .").

The Second Circuit has also applied *Swierkiewicz* to hostile work environment claims. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 241 (2d Cir. 2007). Accordingly, "[a]t the pleading stage of the case . . . plaintiffs need not plead a prima facie case of discrimination . . . so long as they provide in the complaint a short and plain statement of the claim that shows that plaintiffs are entitled to relief and that gives the defendant fair notice of plaintiffs' claim . . . and the grounds upon which that claim rests." *Id.*

## III. *DISCUSSION*

Defendants assert that (1) Drew's retaliation claim is duplicative of his interference claim and unsupported by the allegations in the Amended Complaint; (2) the NYSHRL and NYCHRL claims are barred under the election-of-remedies provisions in those laws; (3) the hostile work environment claims are time-barred to the extent they are based on events that predate the applicable limitations period; (4) Drew fails to state a claim against Plaza and D. Vaykovich for hostile work environment; and (5) Drew fails to state a claim for discriminatory discharge. For the reasons stated below, the Court finds that Drew fails to state a claim against D. Vaykovich, but that Defendants' remaining arguments are without merit.

## A. *RETALIATION AND INTERFERENCE CLAIMS UNDER THE FMLA*

Defendants argue that Drew's second claim for "retaliation/violation of the FMLA" is duplicative of his first claim for "interference/violation of the FMLA." Defendants also assert that 29 U.S.C. § 2615(a)(1) does not prohibit or address retaliation. Further, Defendants argue

that Drew has failed to state a claim of retaliation. The Court disagrees.

■ Drew's retaliation claim is not duplicative of his interference claim. "The Second Circuit recognizes two types of claims under the FMLA, interference and retaliation." *See Shark v. City of N.Y.*, No. 03 Civ. 2616, 2008 WL 4444122, at *4 n. 2 (S.D.N.Y. Sept. 29, 2008) (*citing Potenza v. City of N.Y.*, 365 F.3d 165, 168 (2d Cir.2004)). Plaintiffs frequently bring both interference and retaliation claims in the same action. *See, e.g., DiGiovanna v. Beth Israel Med. Center*, 651 F.Supp.2d 193, 198–99 (S.D.N.Y.2009); *Reilly v. Revlon, Inc.*, 620 F.Supp.2d 524, 535 (S.D.N.Y. 2009); *Almeida v. Athena Health Care Assocs., Inc.*, No. 3:07cv517, 2009 WL 490066, at *15 (D.Conn. Feb. 26, 2009) (rejecting defendants' argument that plaintiff's interference claim was duplicative of retaliation claim).

Further, Drew brings his retaliation claim under the correct provision of the FMLA. Defendants argue that Drew should have brought his claim under § 2615(a)(2), which makes it unlawful to discharge or discriminate against any individual "for opposing any practice made unlawful by [the FMLA]." 29 U.S.C. § 2615(a)(2). In the alternative, Defendants assert that Drew should have brought his retaliation claim under § 2615(b), which makes it unlawful for an employer to discharge or discriminate against an individual for filing a charge under the FMLA or for cooperating or testifying in a FMLA investigation or proceeding. *See id.* § 2615(b). However, § 2615(a)(1) also operates to prohibit retaliation. Section 2615(a)(1) states that employers may not "interfere with, restrain, or deny the exercise of or the attempt to exercise" FMLA rights. *Id.* § 2615(a)(1). In the corresponding regulations, interference is defined to include "discriminating

or *retaliating* against an employee or prospective employee for having exercised or attempted to exercise FMLA rights." 29 C.F.R. § 825.220(c) (emphasis added); *see also Potenza*, 365 F.3d at 167–68 (evaluating plaintiff's § 2615(a)(1) retaliation claim on appeal).

■ Finally, Drew alleges sufficient facts, accepted as true, to make out a plausible claim for retaliation. To establish a prima facie claim for retaliation under § 2615(a)(1), a plaintiff must show that: "(1) he exercised rights protected under the FMLA; (2) he was qualified for his position; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent." *Potenza*, 365 F.3d at 168. As discussed above, a plaintiff is "not require[d] . . . to plead facts sufficient to establish a prima facie" discrimination claim, *Boykin*, 521 F.3d at 212, though a plaintiff must plead facts sufficient to state a claim that is plausible on its face. *See Iqbal*, 129 S.Ct. at 1949.

■ Here, Drew alleges sufficient facts to support a prima facie case. Therefore, "[i]t is unnecessary . . . to test the dividing line between what constitutes a sufficient pleading under *Swierkiewicz* and what constitutes sufficient facts to make the claim plausible under *Iqbal* and *Twombly*." *Harper*, 673 F.Supp.2d at 179; *see also Boykin*, 521 F.3d at 213 ("We need not locate the outer bounds of *Twombly*'s new standard for assessing pleadings under Rule 8(a) here . . . .").

Drew requested FMLA leave on March 1, 2007 and March 7, 2007 to care for his father in the hospital. He alleges facts that establish that he was an eligible employee and that Plaza was a covered employer as defined by the FMLA. He also alleges facts to support that he was qualified for his position; prior to working for Plaza he had six years of experience as a computer systems technician and while working at Plaza, he was routinely praised by people outside of the MIS Department, including Fisher. He alleges he suffered an adverse employment action when Plaza terminated his employment on March 7, 2007. Drew pleads retaliatory intent by alleging that D. Vaykovich terminated Drew the same day he asked for FMLA leave, and that she refused to give him any examples of insubordination, which was the stated reason for his termination. The Court finds the allegations in the Amended Complaint sufficient to state a facially plausible claim of FMLA retaliation and to give notice of the claim and its basis to Defendants. Accordingly, the Court denies Defendants' motion as to the FMLA retaliation claim.

## B. *ELECTION OF REMEDIES*

Defendants argue that the election-of-remedies provisions under NYSHRL and NYCHRL bar Drew's state and city discrimination claims. The Court disagrees.

■ Although Defendants make their assertion pursuant to a Rule 12(b)(6) motion for failure to state a claim, "an election of remedies defense is jurisdictional in nature." *Tardd v. Brookhaven Nat'l Lab.*, 407 F.Supp.2d 404, 419 (E.D.N.Y.2006) (*citing Moodie v. Federal Reserve Bank*, 58 F.3d 879, 883 (2d Cir.1995)). Therefore, the Court considers Defendants' argument as a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)").

■ The inquiry on a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) concerns whether the district court has the statutory or constitutional power to adjudicate the case. *See Makarova v. United States*, 201 F.3d 110,

113 (2d Cir.2000). "[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Shipping Fin. Servs. Corp. v. Drakos,* 140 F.3d 129, 131 (2d Cir.1998). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova,* 201 F.3d at 113. In reviewing a motion to dismiss for lack of subject matter jurisdiction, a court may consider evidence outside the pleadings. *See id.*

New York Executive Law § 297(9) states that "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction ... unless such person has filed a complaint hereunder or with any local commission on human rights ...." N.Y. Exec. Law § 297(9). The NYCHRL "language ... is nearly identical ... and discussion of the latter applies equally to the former." *York v. Association of the Bar of the City of N.Y.,* 286 F.3d 122, 127 (2d Cir.2002) (quotation marks omitted); *see also* N.Y.C. Admin. Code § 8–502(a). These provisions bar a person who has filed a complaint with the New York State Division of Human Rights (the "SDHR") from filing a lawsuit in this Court based on the same underlying conduct. Courts generally recognize two exceptions to this jurisdictional bar:

(1) a complaint filed with ... [SDHR] dismissed for administrative convenience; and

(2) a complaint filed with ... [SDHR] by the [Equal Employment Opportunity Commission (the "EEOC") ] pursuant to the Title VII requirement that all complaints filed directly with the EEOC be referred to the local agency (for duty-sharing purposes).

*Alson v. Microsoft Corp. et al.,* No. 08 Civ. 3547, 2009 WL 1116360, at *4 (S.D.N.Y.

Apr. 27, 2009) (citations omitted); *see also* N.Y. Exec. Law § 297(9) ("A complaint filed by the [EEOC] to comply with the requirements of [Title VII] shall not constitute the filing of a complaint ....").

On October 4, 2007, Drew filed a charge of discrimination with the EEOC and SDHR against Plaza. He attached a rider that instructed that "a copy of this Charge be filed with [SDHR] solely and exclusively for the purpose of exhausting any exhaustion requirements under Title VII, and not for the purpose of electing an administrative remedy provided by state law." (Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss, dated September 28, 2009, at 6–7.) Following Drew's instructions, SDHR did not open a file for Drew or investigate the matter. Drew's rider clearly indicates that he did not intend to elect an administrative remedy when he filed with SDHR, but only to fulfill the requirements of Title VII. As such, Drew's charge falls into the second exception to the jurisdictional bar. The Court will not bar Drew's claims from this Court because he, rather than the EEOC, forwarded his charge to the SDHR for purposes of satisfying Title VII. *See Gonzalez v. Police Comm'r Bratton,* No. 96 Civ. 6330, 2000 WL 1191558, at *24 (S.D.N.Y. Aug. 22, 2000) ("The Court is not persuaded that [plaintiff's] having checked a box indicating that the complaint should also be filed with [SDHR] controls the outcome of this issue ...."). Accordingly, the Court denies Defendants' motion to dismiss as to subject matter jurisdiction.

## C.  *STATUTE OF LIMITATIONS*

Defendants argue that Drew's federal, state, and city hostile work environment claims are time-barred to the extent they are based on events that predate the applicable limitations period. According to De-

fendants, the Title VII claims based on events predating December 7, 2006, as well as the NYSHRL and NYCHRL claims based on events predating October 4, 2006, are time-barred. The Court finds that none of the events alleged by Drew as part of the hostile work environment at Plaza are barred by the statute of limitations.

■ The events that Defendants argue are time-barred fall into the continuing-violation exception to the statute of limitations. Whereas a plaintiff alleging "discrete discriminatory acts" including "termination, failure to promote, denial of transfer, or refusal to hire" will not trigger the continuing-violations doctrine, a plaintiff bringing a hostile work environment claim will fall into the exception if "all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period." *National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 114–15, 122, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). Therefore, if Drew alleges acts contributing to the hostile work environment—a single unlawful employment practice, *see id.* at 117, 122 S.Ct. 2061—that occurred within the statutory limitation period, then "the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Id.; see also Petrosino v. Bell Atl.,* 385 F.3d 210, 220 (2d Cir.2004) ("[I]n the case of a hostile work environment claim, the statute of limitations requires that only one sexually harassing act demonstrating the challenged work environment occur within 300 days of filing . . . .").

Even assuming that Defendants correctly calculated the dates before which Drew's claims would be time-barred—a matter Drew disputes—Drew alleges conduct contributing to a hostile work environment that occurred well within the limitations period. As discussed below, Drew

alleges that Smith treated him in a discriminatory fashion that created a hostile work environment throughout his entire period of employment at Plaza. For example, Drew alleges that "Smith often directed profanity at [him] and raised his voice in a demeaning manner *on a daily basis* when speaking with [him]. [Smith] did not act the same way towards Caucasian employees." (Amended Complaint ¶ 35 (emphasis added).) Plaza did not terminate Drew's employment until March 2007, months after the December 7, 2006 and October 4, 2006 dates asserted by Defendants. Accordingly, the Court finds that Drew's hostile work environment claims are not time-barred to they extent they are based on events that predate the applicable limitations periods. Defendants' motion to dismiss on statute of limitations grounds is denied.

### D. *HOSTILE WORK ENVIRONMENT CLAIM AGAINST PLAZA AND D. VAYKOVICH*

Defendants argue that Drew cannot make out a hostile work environment claim against Plaza or D. Vaykovich. Specifically, Defendants assert that Drew does not allege (1) any facts that would make Plaza vicariously liable; or (2) any facts that would make D. Vaykovich individually liable.

■ Hostile work environment claims under New York law are analyzed based on the standards developed in the Title VII context. *See Reed v. A.W. Lawrence & Co., Inc.,* 95 F.3d 1170, 1177 (2d Cir.1996); *Zakrzewska v. New School,* 598 F.Supp.2d 426, 431 (S.D.N.Y.2009). Therefore, under Title VII, as well as the NYCHRL and NYSHRL, "[a] work environment will be considered hostile if a reasonable person would have found it to be so and if the plaintiff subjectively so perceived it." *Brennan v. Metropolitan*

*Opera Ass'n,* 192 F.3d 310, 318 (2d Cir. 1999). In evaluating a claim for hostile work environment, courts must consider "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). When a supervisor participates in the conduct creating a hostile work environment, liability may be imputed to the employer. *See Mack v. Otis Elevator Co.,* 326 F.3d 116, 123 (2d Cir.2003).

As discussed above, "*Swierkiewicz* does not require [plaintiff] to plead facts sufficient to establish a prima facie" discrimination claim. *See Boykin,* 521 F.3d at 212. However, even after *Swierkiewicz,* a plaintiff must plead facts sufficient to state a claim of discrimination that is plausible on its face, *see Iqbal,* 129 S.Ct. at 1949, and gives fair notice to the defendants of the basis of the claim.

■ The Court is persuaded that Drew has alleged facts that make out a plausible hostile discrimination claim against Plaza. In his Amended Complaint, Drew alleges that Smith was harsh and critical, made unreasonable demands, and often raised his voice and directed profanity at Drew, while treating the Caucasian employees much more favorably. After Drew approached human resources with his complaints, Drew and Smith attended a meeting together where Smith stated "I'm your boss. I can curse at you." When Drew disagreed, Smith stated, in words or effect, "Who cares if it's at you?" (Amended Complaint ¶ 43.)

Drew alleges that Smith, Drew's direct supervisor, created the hostile work environment. Because Smith was Drew's direct supervisor, liability may be properly imputed to Plaza. *See Mack,* 326 F.3d at 125 (" 'An employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate . . . authority over the employee.' ") (*quoting Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 764, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998)). The Court finds that Drew's allegations, taken as true, present a plausible claim of hostile work environment against Plaza. The Amended Complaint gives Plaza notice of Drew's claims and the grounds on which it rests, satisfying Rule 8(a) of the Federal Rules of Civil Procedure ("Rule 8(a)"). Accordingly, the Court denies Defendants' motion to dismiss Drew's hostile work environment claims against Plaza.

■ The Court, however, grants Defendant's motion as to Drew's hostile work environment claim against D. Vaykovich. Though NYSHRL and NYCHRL allow for liability of individual defendants on the basis of a hostile work environment claim, unlike under Title VII, the individual must have "actually participate [d] in the conduct" from which the claim arises. *See Tomka v. Seiler Corp.,* 66 F.3d 1295, 1317 (2d Cir.1995), *abrogated on other grounds by Ellerth,* 524 U.S. at 742, 118 S.Ct. 2257. Drew does not allege that D. Vaykovich "actually participated" in the conduct that forms the basis of his hostile work environment claim. The Court agrees with Defendants that neither D. Vaykovich's mere presence at the August 2006 meeting with Smith and Drew, nor her role in Drew's termination, is sufficient to state a claim of hostile work environment against D. Vaykovich as an individual. Drew has not alleged facts that make out a plausible hostile work environment claim against D. Vaykovich, and therefore Defendants' motion to dismiss Drew's claim against her on this ground is granted.

## E. *DISCRIMINATORY DISCHARGE*

Defendants argue that there are no factual allegations connecting Drew's race to his discharge. Drew contends that the facts set forth in his Amended Complaint show that he was treated less favorably than his Caucasian coworkers, and that Defendants terminated him based on his race. The Court agrees with Drew, and finds that Drew states a claim for discriminatory discharge.

■ To state a prima facie case for employment discrimination under Title VII, NYSHRL, and NYCHRL, a plaintiff must show that: (1) he was a member of a protected class; (2) he was qualified for his position; (3) he suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Collins v. New York City Transit Auth.*, 305 F.3d 113, 118 (2d Cir.2002); *Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 786 N.Y.S.2d 382, 819 N.E.2d 998, 1015 (2004); *Ferrante v. American Lung Ass'n*, 90 N.Y.2d 623, 665 N.Y.S.2d 25, 687 N.E.2d 1308, 1311–12 (1997). However, as discussed above, to survive a motion to dismiss, an employment discrimination claim need satisfy only the basic requirements of Rule 8(a) for a "short and plain statement of the claim." Fed.R.Civ.P. 8(a); *see also Swierkiewicz*, 534 U.S. at 512–13, 122 S.Ct. 992. The claim must be facially plausible, and give fair notice to the defendants of the claim and its basis. *See Boykin*, 521 F.3d at 212–14.

■ In his Amended Complaint, Drew alleges facts, taken as true, that establish that he was a member of a protected class, that he was qualified for his position, and that he suffered an adverse employment action. Drew also alleges circumstances that give rise to an inference of discrimina-

tion, including that he was subjected to unusually harsh treatment that his Caucasian coworkers were not, that Defendants could not give him examples of the insubordination for which he was terminated, and that he was ultimately replaced by a member of an unprotected class. Drew makes out a claim of discriminatory discharge, which is plausible on its face, *see Iqbal*, 129 S.Ct. at 1949, and gives fair notice to the defendants of the claim and its basis. *See Boykin*, 521 F.3d at 214. Accordingly, the Court denies Defendants' motion to dismiss Drew's discriminatory discharge claim.

## IV. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 14) of defendants Plaza Construction Corporation ("Plaza"), Charles Smith ("Smith"), and Danielle Vaykovich ("D. Vaykovich") (collectively "Defendants") is DENIED with respect to the retaliation claim brought by plaintiff Khaliq Drew ("Drew") under the Family and Medical Leave Act, 29 U.S.C. § 2615; and it is further

**ORDERED** that the motion (Docket No. 14) of Defendants to dismiss as barred by election-of-remedies provisions, the hostile work environment and discriminatory discharge claims brought by Drew against Defendants under the New York State Human Rights Law, N.Y. Exec. Law § 296 ("NYSHRL"), and New York City Human Rights Law, N.Y.C. Admin. Code § 8–107(1)(a) ("NYCHRL"), is DENIED; and it is further

**ORDERED** that the motion (Docket No. 14) of Defendants to dismiss as time-barred, the hostile work environment claims brought by Drew against Defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2 ("Title

VII"), NYSHRL, and NYCHRL, to the extent that they are based on events that predate the applicable limitations period is DENIED; and it is further

**ORDERED** that the motion (Docket No. 41) of Defendants is DENIED with respect to the hostile work environment claims brought by Drew against Plaza under NYSHRL and NYCHRL, and it is further

**ORDERED** that the motion (Docket No. 14) of Defendants is GRANTED with respect to the hostile work environment claims brought by Drew against D. Vaykovich under NYSHRL and NYCHRL; and it is further

**ORDERED** that the motion (Docket No. 14) of Defendants is DENIED with respect to the discriminatory discharge claims brought by Drew against Defendants under Title VII, NYSHRL, and NYCHRL; and it is finally

**ORDERED** that the parties meet and confer and prepare a revised Case Management Plan in the form provided by the Court for submission to the Court by February 11, 2010.

**SO ORDERED.**